ANDREW J. PRICE v. DAVID J. OLDS.

FORCIBLE ENTRY AND DETAINER—*When maintained.* Proceedings under Art. 13 of the Justice's Act, concerning forcible entry and detainer, may be had in all cases where the defendant is a settler or occupant of land, without color of title, and to which the complainant has the right of possession, although the complainant may never have had the actual possession of the land.

*Error from Crawford District Court.*

PROCEEDINGS under Article 13 of the Justice's act, ch. 81, Gen. Stat., to recover the possession of 160 acres of land, to which plaintiff *Price* claimed the right of possession. The action was commenced before a justice of the peace, and the complaint, after the caption and the title, alleged—

"That the said *Olds* did within two months last past unlawfully and forcibly enter, and has ever since and does still unlawfully and forcibly and with strong hand detain from the possession of this plaintiff the following premises, (describing them.) The undersigned (*Price*) at the time of said entry and ever since has had the right to the possession of said premises, and now has. Wherefore," etc.

*Olds* appeared and answered, making a general denial. After a trial before the justice the case was taken to the district court by appeal, and was there tried at the September Term 1871. The district court gave judgment in favor of defendant *Olds*, and *Price* brings the case here on error. The opinion contains a sufficient statement of the facts.

*John T. Voss,* for plaintiff in error:

1. Sec. 159 of the justice's act especially provides that the action of forcible entry and detainer shall apply in "cases where the defendant is a settler or occupier of land or tenements, without color of title, and to which the complainant has the right of possession." The agreed facts show that Olds the defendant was and is a settler without color of title, and that the plaintiff has the right to the immediate possession.

2. The only ground upon which the court based its decis-

ion was that the plaintiff was not in the *actual possession* of the land when the defendant entered, and that the plaintiff was not ousted by an actual breach of the peace. If this be the law the statute of forcible entry and detainer is useless, and ought to be expunged from the statute book. Certainly the statute only requires that the plaintiff have the right of possession; not that he should be in the *actual* possession.

*C. D. Sayres*, and *W. C. Webb*, for defendant in error:

1. Article 13 of the justice's act is entitled of "Forcible Entry and Detainer." Proceedings to recover possession of premises into which a party has made "unlawful and forcible entry," or, where he has made "a lawful and peaceable entry, and unlawfully and by force holds the same," are well known to the legal profession. They were not, properly speaking, "suits," or "actions," but special proceedings, having for their immediate object, *not* a settlement of the question of *title*, nor a determination of the question as to the *right* of possession, but to oust an actual, unlawful and forcible intruder.

The history of the legislation on this subject, English and American, from the passage of the original act, 5 Rich. II, c. 7, may be found in the cases of *Eastman v. White*, 3 Chand., 196, and *Ferrell v. Lamar*, 1 Wis., 8, and cases there cited. The gist of this legislation is found in the first section (§ 158) of said art. 13 of our justice's act. Two distinct classes of cases, and two only, as general classes, are contemplated. Into these the justice may inquire:

First, "against those who make unlawful and forcible entry into lands and tenements, and detain the same."

Second, "against those who, having a lawful and peaceable entry into land or tenements, unlawfully and by force hold the same."

To bring a party within the first class there must be an unlawful invasion of premises *actually occupied* by the plaintiff. If there were no actual occupation, there could be no such "forcible entry" as the statute contemplates. The entry must be something *more* than "unlawful." An unauthorized entry into unoccupied lands or tenements is a trespass, and of

course unlawful. But that will not sustain a complaint for an unlawful *and forcible* entry: 1 Wis., 8; 16 Wis., 574. The "lawful and peaceable entry" mentioned in the second clause of § 158 contemplates that the party went into possession with the consent of the owner, or of one authorized to give consent to enter, and (being so in possession) refuses to leave or surrender, but "unlawfully and forcibly" holds the same. In neither case is the *title* in dispute. In the one case *actual possession* by the plaintiff, as against a wrong-doer, is sufficient evidence of right to oust a trespasser, and place the parties as they were. In the other, the consent or permission to enter, on the one part, acted upon by the other party and the "peaceable and lawful entry" made by such other party, estop the latter from denying the title of the former, or setting up title in himself; and when such consent and entry thereunder are shown, and the right of possession thereby acquired has terminated or been determined, if the party refuse to leave and surrender possession he is deemed to "unlawfully and forcibly hold the same," and he may be ousted in the summary manner prescribed by the statute, precisely as if his entry had been "unlawful and forcible."

Now, § 159 of said act, (upon which plaintiff relies,) while expressly declaring that its provisions are not to *limit* the provisions of § 158, designates four lesser classes of cases which may be considered as within the second general class above designated, and prosecuted (as we say) under the second clause of said § 158, to wit:

1st, "Cases against tenants holding over their terms."

2d, Cases against tenants holding possession, against the rights of the purchaser, (after sale approval, confirmation, etc.,) "in sales of real estate on executions, orders, or other judicial process, when the judgment-debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made."

3d, Cases against parties holding possession, against the rights of the purchaser, "in sales by executors, administrators, guardians, (and on partition, where any of the parties to the partition were in possession at the commencement of the suit,)

after such sales, so made on execution or otherwise, shall have been examined by the proper court, and the same by said court adjudged legal."

4th, "In cases where the defendant is a settler or occupier of lands or tenements, without color of title, and to which the complainant has the right of possession."

The propriety of summary proceedings in the first three of these cases will not be questioned. If the party in possession have or claim any legal right in or to the premises it is his duty to surrender the *possession* in obedience to the requirement of the court and the law, and then bring ejectment or other proper action to establish his right. If he refuse to surrender, he may be summarily ousted by proceedings as for "unlawful and forcible detainer," without prejudice to any legal right he may have, because such *right or title* to the premises, whatever it may be, cannot be tried or determined in summary proceedings to recover *possession* unlawfully or forcibly withheld. 1 Wis., 8; id., 650; 8 id., 162. The case of *Jarvis v. Hamilton,* 16 Wis., 574, is not applicable as the Wisconsin statute has no such provisions as the 2d and 3d clauses of § 159.

But the difficulty in the case at bar lies in harmonizing the language of the *fourth* clause with the object and purpose of proceedings for "forcible and unlawful *entry*," or for "unlawful and forcible *detainer.*" It is conceded that its words are broad and explicit enough to authorize a judgment in favor of Price and against Olds on the agreed statement of facts. Still, we say the plaintiff cannot recover. Why? The whole of the justice's act must be construed together, so far as relates to the *jurisdiction* of justices of the peace. Sec. 8 of said act expressly declares that "justices of the peace *shall not* have cognizance of any action * . * * in which the *title* to real estate is sought to be recovered, or (in which the *title to real estate*) *may be drawn in question.*" This language is negative and prohibitory, and cannot be made to yield to mere affirmative words in another portion of the same act. To give effect to such affirmative words, apparently in contradiction, there

must be an express exception, or direct repeal. What then could the justice try?

The "complaint" made by Price is unquestionably good, as a pleading, under § 162 of said art. 13, for an alleged "unlawful and forcible entry and detention." (Ante, p. 66.) It utterly *excludes* the idea of a "lawful entry," and hence the case at issue is not within the second clause (or class) mentioned in § 158. Olds denied "each and every allegation in said complaint made and stated." Now, upon this issue, what must Price prove to entitle him to recover the possession? The court will take notice that § 159 says that "*proceedings under this article* may be had" in the four cases therein mentioned. The words, "proceedings under this article," must be construed as limiting the cases mentioned to the restrictions, and to require that they be prosecuted in accordance with the provisions, of other sections of the article. The plaintiff so understood it, and framed his complaint under the first clause of § 162, to cover a case alleged to be within the first clause of § 158. If the plaintiff had been in the actual possession of the premises, and Olds had "unlawfully and forcibly" intruded into such possession, excluding Price therefrom, and such fact were shown, the plaintiff, without regard to the legal or equitable title to the land would be entitled to have restitution of the premises; and this, too, even if Olds were the legal owner, and by ejectment could recover the possession, because, although entitled *by law* to recover possession, he will not be permitted to do himself right *by force*, and if he do, the law will wrest from him whatever right he may thus acquire, by summarily ousting him from possession, and giving restitution to the party whose peaceable possession he unlawfully and forcibly invaded. 1 Chand., 205; 1 Wis., 654; 13 Ill., 287; 2 Caines, 98; 11 Johns., 504.

But such was not the fact. Price was never in possession, nor was his grantor. Does the 4th clause of § 159 authorize a recovery? If so, keeping in view the fact that Olds did not make a *lawful* entry, the "right of possession," when

duly proven, must be regarded as equivalent to proof of an "unlawful and forcible entry" into premises in the actual possession of the plaintiff. Price alleged that he had a "right to the possession," but such averment was not necessary. Sec. 162 prescribes the form and determines the sufficiency of the "*complaint,*" while the *gravamen* of the action is determined by § 158. What then is the office of said 4th clause of § 159? Evidently it was intended to cover a class of cases analogous to those mentioned in the 2d and 3d clauses of said section where lands and tenements had been partitioned, or had been sold at judicial sale, or by executors, administrators or guardians, and pending the adjustment of the title and confirmation some party had intruded into possession, unlawfully and without color of right. The 2d and 3d clauses provide for cases where the defendant had "peaceable and lawful entry," either as a former owner, or a tenant of a former owner, giving the purchaser, who succeeds to the rights of the former owner, the rights of a landlord (under the 1st clause) against a tenant holding over his term. The 4th clause recognizes the same rights on the part of the purchaser, and seeks (not without reason) to put a naked trespasser in the same situation as if he had made peaceable and lawful entry under the former owner. But to hold that the plaintiff in this action, or any person who like him has acquired title to lands wholly outside of judicial proceedings, and who has not himself had, and whose grantors never had possession of the premises, can maintain an action as for "forcible entry and detainer," under said 4th clause, is to do violence to the spirit and purpose of the law, and to abrogate one of the plainest provisions of the Justices' act; and most certainly the case upon the pleadings and the facts is not within the second class mentioned in § 158. Price did not acquire title by or through judicial proceedings; Olds' entry was not lawful. It therefore follows, that to permit Price to recover, his proof of "title" must be regarded as equivalent to proof of a "forcible and unlawful entry" into premises actually occupied, which cannot be done. But this is the very thing

attempted to be done in this case in the court below. Price's "title" was "drawn in question" by Olds' answer. The issue was so joined. The *facts* showing Price's "right of possession" were, on the trial, admitted by the *parties;* but it still required the judgment of the court to *determine* the question. The *fact* of "title to lands," was and is in question, and Price's "title" was clearly proven—but it *proved too much.* It proved that the plaintiff had mistaken his remedy, and had brought forcible entry and detainer when he should have brought ejectment. The admitted facts, in a proper case, would warrant the conclusion of law that Price had the "right of possession" of the lands in question. But this action is in the form and for the purpose designated in art. 13 of the justice's act—a summary proceeding to recover possession of lands without inquiring into the title thereof—and was commenced in a court which is positively prohibited from trying or determining titles to land; hence the facts (admitted though they were to be *facts,*) were not *competent evidence* to prove the issue. The plaintiff was without *legal proof* to support his complaint, and could not legally recover.

2. It may be said that the *form* of the action may be disregarded. It cannot be disregarded here. A justice of the peace has no jurisdiction of the action of "ejectment," an action specially prescribed to try the *title* to real property, and the "right of possession" thereto. Hence, such action, if actually commenced in a justice's court cannot be transferred by appeal or otherwise to the district court, but should be dismissed for want of jurisdiction; and if attempted to be so transferred, no jurisdiction would attach to the district court. Such proceedings, so commenced, would be void in the beginning, and to the end. Sec. 8 of the justice's act is negative and prohibitory; and no proceeding or action thereby prohibited, if commenced in a justice's court, can be or become valid by lapse of time, or by a change of the forum. The party's only remedy is to begin *de novo* in the proper court.

3. But the parties, after the appeal, *appeared* to the action

in the district court; and it may be said that such appearance gave that court jurisdiction, as of an "amicable action." The answer is that the district court has no *original* jurisdiction of the action or proceeding known as "forcible entry and detainer." And if the action be called "ejectment," then there is a total failure to state a cause of action in the complaint or petition. In such action the plaintiff must state "that he has a legal or equitable estate" in the lands. In the complaint filed by Price there is no such averment—nothing at all on the subject. While there was no failure of proof on this point, there was no averment under which the proof of title was admissible, or upon which a judgment for the "recovery of the possession of real property" could be sustained. If the plaintiff shall be permitted to recover in this case then the action of "ejectment" is no longer necessary, and the superior jurisdiction of the district court concerning "title to lands" does not exist. All actions of ejectment may be converted into summary proceedings to "recover possession" of land, as for forcible and unlawful entry and detainer, before a justice of the peace, and the long delays, the repeated "continuances," and two trials, usually occurring in ejectment cases in the district court, will happily be avoided! The justice will "try and determine" all questions of "title to lands"—than which but one better thing can be done—restore the ancient mode of trial by "wager of battle!"

The opinion of the court was delivered by

VALENTINE, J.: This was an action of forcible entry and detainer. The plaintiff commenced the action before a justice of the peace. Judgment was rendered for the plaintiff. The defendant appealed to the district court. The case was there tried on an agreed statement of facts, and judgment was there rendered against the plaintiff and for the defendant. To reverse this judgment the plaintiff now brings the case to this court.

The agreed statement of facts showed that James F. Joy was the original owner of the land in controversy, holding

the same by patent from the government of the United States; that he sold and conveyed said land to the Missouri River, Fort Scott & Gulf Railroad Company; that the said railroad company contracted to sell the same to the plaintiff; "that the plaintiff by the terms of said contract became and was possessed of all the rights of his vendor," and that afterwards the defendant took possession of said land and resided on and occupied the same without any authority, and against the will of the plaintiff.

No question seems to have been raised upon the title of the plaintiff, or of his grantors. The agreed statement of facts shows nothing that any person could construe into an impeachment of Joy's title, or of those holding under him. The only question that seems to have been raised is, whether the plaintiff who was entitled to possession of said land, but who does not seem to have ever had *actual* possession of the same, could maintain the action of forcible entry and detainer. We think he could; and as the court below decided that he could not, we think the court below erred.

The law upon this question is properly expressed in § 159 of the justice's act, (Gen. Stat., 809,) being the second section of Art. 13, entitled, "Forcible Entry and Detainer." That section provides that: "Proceedings under this article may be had in all cases  *  *  *  where the defendant is a settler or occupier of lands or tenements without color of title, and to which the complainant has the right of possession." Neither this section nor any other section of the law provides that before the plaintiff can maintain this kind of action he must have had actual possession of the property. All that seems to be necessary is that he should have the *right of possession thereto.*

The judgment of the court below is reversed, and cause remanded to said court with instructions to render judgment upon the agreed statement of facts for the plaintiff and against the defendant for restitution to the plaintiff of the property in controversy.

All the Justices concurring.