Kelley v. Forney.

---

T. O. KELLEY, *Appellee,* v. JERRY FORNEY, *Appellant.*
No. 16,905.

SYLLABUS BY THE COURT.

FORCIBLE ENTRY AND DETAINER—*Possession—Title—Lease— Corporations—Authority of Directors.* The directors of a corporation organized to maintain an auditorium to be used principally for public entertainments undertook, without special authority, to execute a ten-year lease of the property to an individual, to discharge the manager employed by the association, and to put the lessee in possession by breaking a lock and replacing it with a new one. The manager attempted to hold possession for the corporation, and his acts were adopted by the stockholders at a subsequent meeting and by persons then selected as new directors. The lessee brought an action of forcible entry and detainer against the manager, who defended as a representative of the corporation. *Held,* that whether or not the lease was void the plaintiff could not recover in that proceeding.

Appeal from Marion district court. Opinion filed March 11, 1911. Reversed.

*L. F. Keller,* and *J. S. Dean,* for the appellant.

*W. H. Carpenter, D. W. Wheeler,* and *Thomas O. Kelley,* for the appellee.

The opinion of the court was delivered by

MASON, J.:    The Marion Auditorium Association is a Kansas corporation, owning an auditorium used for public entertainments, which up to December, 1906, had been managed for the association by Jerry Forney. In that month the board of directors made an order discharging Forney and executed a lease to T. O. Kelley, giving him control of the property for five years, with the privilege of an extension to ten.    A controversy arose between Forney and Kelley for the possession of the property, and on March 2, 1907, Kelley brought an action of forcible entry and detainer against Forney.    A demurrer to the plaintiff's evidence was sustained.    An appeal was taken from that ruling, and in this court the argument was made in its support that the corporation owed such a duty to the public that it could not devest itself of the control of its property and the lease was therefore void.    The ruling was reversed upon the ground that Forney could not raise this question, at least until he showed some right of possession in himself.    (*Kelley v. Forney*, 80 Kan. 145.)

Upon a new trial the defendant offered evidence showing that the majority of the stockholders of the corporation regarded the discharge of Forney and the lease to Kelley as parts of an unlawful and ineffectual attempt of an outgoing board of directors to control the property beyond their term of office and tie the hands of the association; that these acts were repudiated by a stockholders' meeting held February 4, 1907, and by the persons then named as a new board of directors; that Forney's possession at all times was asserted as that of the corporation.    The district court instructed the jury that "whether his possession was for himself or whether it was for the auditorium association it was wrongful" and therefore directed a ver-

·dict for the plaintiff. From the judgment based there-
·on the defendant appeals.

This situation is entirely different from that pre-
·sented by the former appeal. In view of the new facts
developed we are of the opinion, not only that such a
verdict should not have been ordered, but that the
·plaintiff can not recover in this form of action. Under
·our statute a plaintiff who has never been in actual
·possession may recover in forcible entry and detainer
against an occupant who has no color of title. (*Price
v. Olds,* 9 Kan. 66.) But the action is not a substitute
·for ejectment and can not be made the means of litigat-
·ing a controversy which depends solely upon a dis-
puted question of title or estate.

"Neither is the action of unlawful detainer and that
·of ejectment the same action or the same kind of action,
either in substance or in form. The first is by a person
who claims the possession only of the real property,
and who founds his right to recover the possession
solely upon a prior possession, constructive or actual,
in himself or grantor, and against a person who can
not or who has not the right to set up any right of
possession as against the plaintiff; and no question of
title or estate can be litigated in the case." (*Buettin-
ger v. Hurley,* 34 Kan. 585, 588.)

It now appears beyond substantial doubt that the
·defendant has at all times claimed to be in possession
as the representative of the corporation; that his claim
is supported by the owners of a majority of the stock
·and by persons now acting as directors. He is defend-
ing for the association, and can urge any defense of
·which it could avail itself if made a party. Whether
·or not the lease was absolutely void, its validity was
·challenged in good faith and upon reasonable grounds,
·for a corporation may well question whether its di-
rectors can, without special authority, deprive it of
·all control of its property for ten years. The ordinary
·rule is that the directors have no such power. (21 A.
·& E. Encycl. of L. 863, 864.) The issue thus raised is

not one which in and of itself, and as the vital matter in the litigation, can be determined under a complaint charging forcible entry and detainer, even for the purposes of the case. The proceeding is in effect one brought against an owner of property to recover possession under a lease, the execution of which is denied.

The plaintiff could not recover upon a mere showing that the corporation made him a lease and then refused to give possession. He attempted to show in addition that he obtained possession and was forcibly ejected, but we conclude that in that aspect he failed to make out even a *prima facie* case. Testimony in his behalf was given to the effect that after the lease was executed some of the officers of the association "took possession of the auditorium, opened it up and put Mr. Kelley in possession, put a lock on, locked it up and turned the key over to Mr. Kelley." But the witness who gave this testimony stated upon cross-examination that they found that the possession of the auditorium was held by a different key from the one delivered to the plaintiff, and that some of the party broke the lock and put on another with a new key. These specific statements must be regarded as qualifying the more general ones. On January 17, 1907, in an action between the parties hereto, and by their consent, the district court appointed a custodian for the property who held possession until February 21, 1907, when he restored matters to the same status in which he found them. He testified as a witness for the plaintiff that when he was appointed there was a question as to whether the plaintiff or the defendant had the real possession of the building; that each had a key; that he received and returned the plaintiff's key, but not that of the defendant, because he arranged for him to take care of the building. It fairly appears that the situation was not changed by the appointment and discharge of the custodian; that the defendant never admitted that the

Kelley v. Forney.

plaintiff was in possession, but at all times asserted possession on his part; that the plaintiff was not ousted from a peaceable possession, but merely abandoned the effort to maintain by physical force his share of a double and disputed occupancy. We think his possession was insufficient to form the basis for the present action.

"The action for forcible entry and detainer can not be maintained on a mere scrambling or interrupted possession. Plaintiff's prior possession must have been actual, peaceable, and exclusive." (19 Cyc. 1132. See, also, 121 Am. St. Rep. 384, note.)

The defendant's original possession was rightful. It had not become unlawful unless the action ·of the directors, which was disputed and repudiated by the stockholders and by the persons whom the stockholders designated as new directors, was valid, and this we decide can not be determined under the circumstances here presented in this kind of a proceeding. Whatever right of possession the plaintiff acquired under the lease, it was not one to be asserted against the corporation either by an attempt to take possession by force or by bringing an action of forcible entry and detainer. To hold otherwise would be to allow one claiming as lessee to dispossess summarily an owner who denied leasing the property.

The judgment is reversed and the cause remanded, with directions to render judgment for the defendant.