### LEE and others *against* STILES:

#### IN ERROR.

An averment of a fact need not be in direct and express terms; it being sufficient, that the fact appears by necessary implication from the words used.

Therefore, where the complainant in forcible entry and detainer, averred, that the defendants entered upon the land belonging to the complainant, and him expelled therefrom, and put him *out of possession* thereof; it was held, that by this averment, it sufficiently appeared, that the complainant was *in possession*, at the time of the act complained of.

To authorize the reversal of the judgment of an inferior court for illegal admission of evidence, the illegality must appear upon the face of the record.

Therefore, where the alleged illegality consisted in the admission of a deposition, without the requisite notice of the taking; and this turned upon the question, whether a certain attorney to whom notice was given, was employed before or after the taking; the court, before which the trial was

had, admitted the deposition ; and no want of due notice appeared on the face of the record ; it was held, that the judgment of such court ought not to be reversed on this ground.

Where it further appeared, that due notice of the taking of such deposition was given to two of the defendants in person, and the case was, in other respects, as above stated ; it was held to be incumbent on the others, who sought the exclusion of the deposition, to make their objection specifically, thus giving the adverse party an opportunity of making his election, either to meet the objection, or let the deposition be received as evidence only against those duly notified.

Where a writ of restitution, unaccompanied by the judgment, and *inter alios acta*, was offered in evidence by the complainant, not to establish a title, but to shew what the property was, of which the complainant had become repossessed, and the extent of his occupancy ; it was held, that such evidence was admissible.

Where the defendants in forcible entry and detainer, to which the general issue was pleaded, offered evidence to shew, that during their own occupancy of the premises which they claimed, they had expended large sums of money in improvements upon the premises ; it was held, that such evidence was inadmissible, as not within the issue.

THE original suit was a complaint for a forcible entry and detainer, made by *Stiles* against the plaintiffs in error.

It was alleged in the complaint, that the defendants did, with force and arms, and with a strong hand, unlawfully and forcibly enter into and upon a certain tract of land, belonging to the plaintiff, (describing it,) and into and upon a certain tenement or dwelling-house, standing on said tract, and in certain mines then and there being ; and did him, the complainant, with force and strong hand, expel and put out of the possession of said land, tenement, and mines ; and him, the complainant, did unlawfully and unjustly, with force and arms, and with a strong hand, force and keep out of possession of the same ; against the peace, &c.

The cause was tried before a county commissioner, and a justice of the peace, upon the general issue ; and a verdict was returned in favour of the complainant. The defendants filed a bill of exceptions. In that, it was stated, that on the trial, the complainant claimed, that he had holden and occupied the premises, by virtue of a deed from *Asahel Bacon*, for many years, with the exception of a short time, during which he had been ousted of the possession, by *Benjamin Stiles* and others ; and that he had been restored to the possession, by virtue of a writ of restitution, issued by a judge of the county court and a justice of the peace, in the year

1838, upon a trial before them, on a complaint for a forcible entry and detainer. He offered the deed, in connexion with parol testimony, to shew, that he had occupied the land in conformity with the courses, distances, and description given in the deed. And to prove the execution of the deed, he offered in evidence the deposition of *Dennis Kimberly*. The defendants objected to its admission, upon the ground that due notice had not been given them, to be present at the time of taking it. Notice was given to two of the defendants and to *Frederick Chittenden*, Esq. At the commencement of the trial, a motion was made for an adjournment, on account of the absence of said *Chittenden*, who, it was claimed by the defendants' counsel, was necessarily absent, and was the only attorney, who thoroughly understood and was conversant with the subject matter in dispute ; but it was denied, when the deposition was offered, that he was counsel for the defendants, when the notice was given. The court, however, admitted the deposition.

The complainant further offered in evidence the writ of restitution, together with the testimony of the sheriff, with his return on the writ, shewing that he had put the complainant in possession of the premises. This was objected to, by the defendants, on the ground that none of the parties, in that case, were either parties or privies, in the one on trial. But the court admitted the writ, and the testimony of the sheriff, to shew what had been the nature of the complainant's possession ; but informed the jury, that a possession, at the time of the restitution, would be of no avail, unless the complainant had possession, at the time of the ouster complained of.

It further appeared, that the complainant had, for many years, been in possession of the premises ; that the defendants, in the spring of the year 1850, with a view of examining and experimenting upon the ores supposed to be upon the premises, entered into possession, with the consent of the complainant, cut trees, erected a building, and performed much labour there. The complainant, becoming dissatisfied with their doings, ordered them to quit possession, which they refused to do, until the autumn following, when they were sued by their creditors, their tools attached, and, as the complainant claimed, they left the premises ; and he

entered—and continued in possession until the month of *December* following, when the defendants returned and took forcible possession of the premises, for which the suit was brought.

The defendants claimed, that they had continued in possession; and after much evidence had been adduced, shewing their occupancy, as they claimed, under a parol lease from the complainant, they offered evidence to prove, that they had expended large sums in improvements pursuant to the terms of the lease; but the evidence was rejected, by the court.

The defendants brought their writ of error to the superior court, at the *August* term, 1851, assigning for errors the matters set forth in the bill of exceptions, and also, that the complaint was insufficient, for want of an averment that the complainant was in actual possession, at the time of the alleged forcible entry. The cause was thereupon reserved for the advice of this court.

*Seymour* and *Sanford,* for the plaintiffs in error, contended,

1. That the complaint was insufficient, because it does not aver, that the complainant was in possession. *Stat.* 113. § 224. *Phelps* v. *Baldwin,* 17 *Conn. R.* 209. Possession is a traversable fact, and should have been averred. The verdict does not help the defect; as it will not be presumed, that more was proved than is stated. *Spieres* v. *Parker,* 1 *Term R.* 141.

2. That *Kimberly's* deposition was inadmissible, for want of notice of the taking of it. It does not appear, that *Chittenden,* at the time the notice was served, was agent or attorney.

3. That the writ of restitution, unaccompanied by the judgment, was inadmissible. First, because *Stiles* himself, who offered the evidence, was a party, and the principal, in that proceeding. Secondly, because it was *res inter alios acta.*

4. That proof of the defendants' expenditures should have been received, as conducing to prove, that they had not voluntarily abandoned the possession, when the complainant entered.

*Belden* and *Orton*, for the defendant in error, contended, 1. That the complaint was sufficient. It alleges, that the defendants entered upon the land (the land in question,) *belonging* to the complainant, and did him unlawfully *expel* and *put out of the possession* of said land, and did him *deforce* and *keep out of the possession* of the same. Here the previous possession by the complainant, is averred, if not in express terms, certainly by *necessary implication;* which is sufficient. *Plainfield* v. *Packer*, 11 *Conn. R.* 577. 579. *Phelps* v. *Baldwin*, 17 *Conn. R.* 209.

2. That the admission of *Kimberly's* deposition was no ground of error. In the first place, *Chittenden* was in fact the attorney of the defendants ; and this appears from the bill of exceptions. But secondly, it was of no consequence to prove the execution of the deed, for the purpose for which the evidence was offered.

3. That proof of the *fact of restitution* was proper, whether the writ was between the *same* parties, or not.

4. That as the rejection of the evidence to show the defendants' expenditures upon the land, is not specially assigned for error, the court will not hear or consider it. *Rules of Pract. c.* 13. § 1. 18 *Conn. R.* 572. But aside from this decisive answer, the matter which the evidence was offered to prove, was not pertinent to the issue.

WAITE, J. It is claimed, by the plaintiffs in error, that the original complaint against them, is insufficient, for want of an averment, that the complainant was in the actual possession of the premises, at the time of the alleged forcible entry.

It is true, there is no direct averment to that effect ; but such possession must necessarily be implied from the other allegations in the complaint. Thus, it is averred, that the defendants entered upon the land, belonging to the complainant, and put him out of possession of the same. Now, if the defendants actually put the complainant out of the possession, it would seem to follow, as a necessary consequence, that he must have been in possession, when the act was done.

An averment of a fact need not be in express terms : it is sufficient, that it appear, by necessary implication from the words used. *Com. Dig. tit.* Pleader. C. 77. *Co. Litt.* 303. *a.*

*Litchfield,*
June, 1852.

Lee
*v.*
Stiles.

" It is indisputably settled," says Judge *Hosmer*, " that that, which is apparent to the court, and appears from a necessary implication out of the record, is the same as if it were expressly averred." *State* v. *Nichols*, 8 *Conn. R.* 499.

2. It is claimed, that the court erred in admitting the deposition of *Kimberly*. The objection seems to be founded upon the claim, that *Chittenden*, with whom notice was left, was not, at the time, the attorney of the defendants. Whether he was, or was not, was a question of fact, to be determined by the court, upon the evidence before them ; and it does not appear from the imperfect statement in the bill of exceptions, that that was found either the one way or the other, unless it may be implied from the circumstance, that the deposition was admitted by the court.

Before we can advise the superior court to reverse the judgment of an inferior tribunal, for the illegal admission of evidence, that illegality must be made to appear upon the face of the record. In this case, it seems not to have been denied, by the defendants, that *Chittenden* was their attorney ; and the only enquiry must have been, whether his employment was before or after the time, when he was notified.

Upon this subject, the record furnishes no evidence beyond the simple denial of the defendants. If the deposition contained the requisite certificate, that the attorney, in the case, was duly notified, it is difficult to see upon what evidence it could be rejected.

But for another reason, this claim of the plaintiffs in error, ought not to prevail. It appears, that in addition to notice given to the attorney, notice was given to two of the defendants in the case. As against them, the deposition was clearly admissible. But the objection was general, without any discrimination between those who had, and those who had not, personal notice.

Had the defendants wished the deposition excluded, as against those not thus notified, they should have made their objection accordingly. The plaintiff then would have had an opportunity of making his election, either to meet the objection, or let the deposition be received as evidence only against those duly notified.

3. It is further insisted, that the writ of restitution was inadmissible, because it was unaccompanied by the judgment,

and because it was issued in a case between other parties. Had the evidence been offered to establish a title by virtue of the judgment, the objection would have been well founded.

But that was not the object. The testimony of the officer was proper to shew that the complainant took possession of the property under and by virtue of the writ ; and the writ, to shew what the property was, and the extent of the complainant's occupancy.

Even an unacknowledged deed and the record of a judgment between other parties, accompanied with evidence that a party entered into possession under such deed and judgment, is admissible for the purpose of shewing the nature of the occupancy, and that it was adverse. *Rogers* v. *Hillhouse,* 3 *Conn. R.* 398.

It is finally said, that the evidence shewing the defendants' expenditures upon the property, should have been received, as conducing to prove, that they had not voluntarily abandoned the possession, when the complainant entered.

The issue between the parties was, whether the defendants had made a forcible entry upon the premises, and unlawfully detained them, by means of which the complainant had been ejected, and held out of possession. The fact that they were previously in the lawful possession, and so continued down to the time of the alleged injury, was proper to be shewn, for the purpose of rebutting the claim that there had been an unlawful entry. But whether they had expended much or little upon the property, could have no material bearing upon that issue. It was too remote, and was properly rejected.

We are therefore of opinion, that there is no error shewn upon the record ; and so we advise the superior court.

In this opinion the other judges concurred.

Judgment affirmed.