STILES and others *against* HOMER and others :

IN ERROR.

Where the defendants in a suit for a forcible entry and detainer, neglected to present a plea in abatement, until after the jury had been called, and two of them had been challenged, and their places supplied by others; it was held, that the defendants, by such delay, had waived all matters in abatement, and that the refusal of the court to allow a plea in abatement to be entered then, was no ground of error.

Where the principal question, on the trial in such suit, was, whether the complainants were in possession of the premises, at the time of the alleged entry; and the only witness testified, that he entered into possession, as the agent of *S,* who subsequently conveyed his interest to a joint stock company, *or* to the complainants; and that he afterwards continued in possession, as the general agent of the company, *or* of the complainants; the complainants offered no written evidence of title; and the court instructed the jury, that the possession of the witness, as the general agent of the complainants, was a sufficient possession to entitle them to a verdict, and that they could sustain the action in their own names; it was held, that such instruction had a tendency to mislead the jury, as it withdrew their attention from the principal question, and led them to infer, that the possession of the witness, as the general agent of the complainants, was a sufficient possession to entitle them to a verdict, and that they could sustain the action in their own names.

On a complaint of forcible entry and detainer, the burden of proof is on the complainant, and it is incumbent on him to prove, that his possession has been invaded, by the acts complained of.

Where a party offered in evidence an entry in a shop book, unaccompanied by the testimony of the clerk who made the entry, though he was living, and in the immediate vicinity, and no reason for his absence appeared; it was held, that the evidence offered was inadmissible.

THE original suit was a complaint for forcible entry and detainer, made by *Homer* and others, against *Stiles* and others, to a special court, holden in *Roxbury*, in *Litchfield* county, by a county commissioner and a justice of the peace.

A verdict was rendered in favour of the complainants; and the defendants filed a bill of exceptions, embracing sundry matters, among which are the following, including the facts relating to the questions noticed, in the opinion of the court.

After the jury had been called, by the court, two of them challenged by the defendants and discharged, and two others called to supply their places, but before they had been sworn, the defendants, not having before pleaded, presented a plea in abatement, stating, that the process had been signed and

issued by the commissioner at *Hartford*, out of the county of *Litchfield*. But the court refused to receive the plea.

In the progress of the cause, it became a material question, whether the defendants made the entry complained of, on the 5th or on the 6th of *December*, 1850 ; and to prove that it was made on the former day, the defendants offered sundry witnesses, and among them, *David J. Stiles*, one of the defendants, who testified, that, the day after the entry, he purchased of *Bennet S. Preston*, a lock and some nails ; and to prove, that the purchase was made on the 6th of *December*, they called said *Preston*, with his account book, in which the articles were charged on that day, in his handwriting ; and he testified that he sold and delivered the articles to *Stiles*, and believed that they were sold and delivered, on that day.

Upon being recalled, by the complainants, he further said, that on examining the blotter, a charge of the same articles appeared, in the hand-writing of his clerk, dated the 7th day of *December*. The blotter was then offered as evidence, to explain the date and sale of the articles. To its admission, without the introduction of the clerk, who made the entry, and who was living in the immediate vicinity, the defendants objected ; but the court overruled the objection, and admitted the blotter, as evidence.

The complainants, on the trial, offered as a witness, *Wellington Lee*, who testified, that in *July*, 1850, he entered upon the premises, as the agent of *Stearns & Sturges*, residing in *New-York*, and continued to act as their agent, until the *October* following, when they conveyed their interest to a joint stock company, in the city of *New-York*, called the *New-York & New-England Mining and Manufacturing Company*, or to the complainants ; and that the complainants were officers of that company, to wit, *Homer*, President, *Dick*, Vice-President, and *Chauncey*, Secretary, and *Stearns & Sturges*, were stock-holders.

He further testified, that he acted as the general agent of the company, or of the complainants ; that his occupation of the premises had been as such agent, and in no other capacity ; that the complaint was made, and the proceedings instituted, by the consent of *Homer*, the president, at the solicitation of the witness, and without the knowledge

OF THE STATE OF CONNECTICUT.

of the other complainants ; and that he had no knowledge that either of the complainants had ever been upon the premises, or in possession thereof, other than by the witness, as the general agent of the company, or of the complainants. He was the only witness upon this subject ; and no written evidence of title was offered, on the part of the complainants.

*Litchfield,*
June, 1852.

Stiles
*v.*
Homer.

The defendants claimed, that the complainants could not maintain their action, because they had never been in the actual possession of the premises, nor could they maintain it, in their own names ; but the suit should have been brought in the name of the company, or in the names of the individuals composing the company ; and prayed the court so to instruct the jury.

But the court did not so instruct them, but informed them, that the possession of *Lee*, as the general agent of the complainants, was a sufficient possession to entitle them to a verdict ; and that they could sustain their action in their own names.

After a verdict for the complainants and a bill of exceptions, as before stated, the defendants brought a writ of error to the superior court, which was there reserved for the advice of this court.

*Belden* and *Orton*, for the plaintiffs in error, contended, 1. That the court erred in rejecting the plea in abatement. It is the right of the party to tender any proper plea, when called upon to defend. Here, the plea was tendered at the proper time of pleading, and in the proper order.

2. That the blotter, with the entry therein of the lock and nails, unsupported by the evidence of the clerk, was inadmissible for any purpose.

3. That the complainants' witness, *Lee*, discloses a fact, which wholly precludes them from a recovery, *viz.* that they were never in the *actual possession* of the premises. It was *Lee*, if any one, that had been turned out, and kept out ; and so the jury should have been instructed. *Commonwealth* v. *Bigelow*, 3 *Pick*. 31.

4. That the testimony of *Lee* further precludes the complainants from a recovery ; for if they could sustain their suit, each of the members of the company might ; and actions might be multiplied indefinitely.

5. That the court should have charged the jury, that if the parties were the same, or substantially the same, in the present suit, as in the former, the complainants could not recover ; but the court, in this part of the case, withdrew the fact from the jury, and left nothing for their consideration.

*Seymour* and *Sanford*, for the defendants in error, contended, 1. That the judgment below ought not to be reversed, because the court did not receive the plea in abatement. In the first place, when there is no statute, and no rule of court on the subject, the question whether a plea shall be received,—as being offered in time or not,—is a question necessarily addressed to the *discretion* of the court. Secondly, in this case, the discretion of the court, under the circumstances of the case, was exercised soundly, and judiciously. But thirdly, the judicial exercise of discretion, is not the subject of revision in error. *White* v. *Trinity Church*, 5 *Conn. R.* 187. *Magill* v. *Lyman*, 6 *Conn. R.* 59.

2. That the charge given to the jury, was unexceptionable. It was, substantially, that the possession of the complainants, by *Lee*, as their agent, (if proved, of course,) was enough ; and they could sustain the suit. The case, in this part of it, called for nothing more.

3. That the charge prayed for by the defendants, could not properly be given ; for it depended upon a question of *fact*, which it was the province of the jury to decide. [Other remarks, on the same side, relating to points not decided, are purposely omitted.]

WAITE, J. 1. We cannot say, that the court below erred in refusing to receive the defendants' plea in abatement, at that stage of the cause, at which it was offered. Such pleas are never favoured by courts.

At an early period in the history of our judicial proceedings, a rule was adopted, that pleas in abatement in the county and superior courts, should be filed by the opening of the court in the afternoon of the second day of the session. 1 *Root*, 564. And at a later period, this court refused to receive a plea in abatement presented in the afternoon of the third day of the term. *Witter* & ux. v. *Mott* & al. 2 *Conn. R.* 67.

Although no time has been limited, either by statute, or by any rule of court, in which such pleas shall be presented, in cases before justices of the peace, and other inferior tribunals, yet it is obvious, that they ought not to be received, in any stage of the trial. The same reason there exists for requiring them to be presented at an early period, as exists in the higher courts.

Had the plea been presented in proper time, the court would have been bound to receive it, and their refusal would have been error. But in the present case, the defendants neglected to present the plea until after the jury had been called, they had challenged two of the jurors, and their places had been supplied by others. Under such circumstances, we cannot say that the court erred in considering that the defendants, by their delay, and by challenging jurors, had waived all matters in abatement.

2. But we think the court erred, in admitting, in evidence, the entry in the blotter, unaccompanied by the testimony of the clerk, who made it. He was living, and in the immediate vicinity ; and no reason is assigned why he was not called to explain the circumstances under which it was made. His testimony would clearly have been the better evidence.

The admission of the entry, unsupported by any oath, was in violation of a well established rule, and does not fall within any of the exceptions, which have ever been recognized. The authorities upon this subject are so numerous and decisive as to render any argument or illustration unnecessary. *Cooper* v. *Marsden*, 1 *Esp. R.* 1. *Doe* d. *Reece* v. *Robson*, 15 *East's R.* 32. *Doe* d. *Patteshall* v. *Turford*, 3 *B. & Adol.* 890. (23 *E. C. L.* 212.) *Poole* v. *Dicas*, 1 *Bing.* N. C. 649. (27 *E. C. L.* 529.) *Marks* v. *Lahee*, 3 *Bing. N. C.* 408. (32 *E. C. L.* 181.) *Newell* v. *Roberts*, 13 *Conn. R.* 63. *Livingston* v. *Tyler*, 14 *Conn. R.* 493. *Smith* v. *Vincent*, 15 *Conn. R.* 1.

We think also, that the instruction given by the court to the jury, relative to the possession of the complainants, had a tendency to mislead them.

The great question, on the trial, was, whether the complainants were in possession of the premises, at the time of the alleged entry. The only witness upon this subject, was *Wellington Lee*, who testified, that he entered into posses-

sion, as the agent of *Stearns & Sturges*, who subsequently conveyed their interest to a joint stock company in the city of *New-York*, or to the complainants; and that he afterwards continued in possession, as the general agent of the company, or of the complainants.

From the testimony, therefore, it is entirely uncertain, whether the conveyance was made to the company, or to the complainants; or whether the witness was the agent of the one party, or the other. There was no written evidence of the conveyance. The doubt in the mind of the witness upon the subject, might have arisen from the circumstance that the complainants were the principal officers of the company, although not constituting all the stockholders; and the witness might not have known whether, in the business connected with the occupation of the premises, they were acting in their official capacity, or as private individuals.

At any rate, there was no evidence that the complainants were ever in possession of the premises, unless through the witness, as their agent. If he was not their agent, but the agent of the company, then it is clear, they could not sustain their action.

The defendants, proceeding upon the assumption that the company was the party in possession, claimed, that the complainants could not maintain their action in their own names, but that the suit should have been brought in the name of the company, or in the names of the individuals composing the company.

But the court, disregarding their claim, informed the jury, that the possession of *Lee*, as the general agent of the complainants, was a sufficient possession to entitle them to a verdict, and that they could sustain their action in their own names.

The charge thus given, without any reference to the defendants' claim, or to the question which of the two parties was in possession, was calculated to withdraw the attention of the jury from that question, and induce the inference that the possession of *Lee* was sufficient to entitle the complainants to recover, irrespective of the question whose agent he was.

Indeed, the court can hardly be justified in saying to the jury, that the complainants could sustain their action, inas-

much as they had not done what it was incumbent upon them to do—prove that their possession had been invaded, by the defendants. The burden of proof was upon them; and the fact was not established, by testimony equally balanced. *Scovell* v. *Kingsley*, 7 *Conn. R.* 284.

The view which we have taken of the case, renders unnecessary a consideration of the other questions, presented in the assignment of errors. Our advice to the superior court therefore is, that there is error in the judgment complained of.

In this opinion the other judges concurred.

Judgment reversed.