JOEL WALKER *vs.* FREDERICK THAYER.

The process for forcible entry and detainer given by Gen. Sts. *c.* 137, is not applicable to the case of a mortgagee who has attempted to take possession under the mortgage for a breach of condition, and whose attempt has been repelled by force.

The entry of a mortgagee upon the mortgaged premises after condition broken will be presumed, in the absence of evidence to the contrary, to have been for the purpose of foreclosure.

ACTION on Gen. Sts. *c.* 137, for forcibly detaining a dwelling-house.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff put in evidence a mortgage of the premises from Martha E. Henry to Leonard Hosmer, dated October 3, 1865, and duly recorded; and assignments of the same through various persons to himself. The mortgage was made to secure a note for $700, which was due and unpaid prior to the assignment to the plaintiff.

The plaintiff put in a power of attorney from himself to one William H. Johnson, empowering him in the plaintiff's behalf to take possession of the premises. Johnson was called as a witness, and testified that he went to the premises September 14, 1871, acting for the plaintiff under the authority contained in the power; that he was accompanied by one Gammel and by another person; that he tried the back door; that it was locked; that he then stated to Jonas Henry, who was inside, that he came to take possession for the plaintiff, and that he demanded admittance; that Henry told him he could not come in; that he then took the blinds off from several windows, and with a crow-bar and chisel began to pry up a window with the assistance of the persons with him; that the window was fastened down and they broke the fastening and took out the sash; that while they were doing this, Jonas Henry threw hot water at them out of the window on which they were at work, and struck one of them with a stick of about the size of the round of a chair; that they thereupon desisted from the attempt to enter, and left the premises; that the defendant was not there; that George R. Henry lived there with his family; that Jonas Henry was his son; that Martha E.

Henry, his wife, did not live with him at that time, though she had lived there from the date of the mortgage till after she became a bankrupt.

The plaintiff called one George H. Ball as a witness, who testified that a few days before the transaction testified to by Johnson, he went to the defendant's place of business and asked him who was in possession of the premises in question; that the defendant said he was ; that he said the Henrys were acting for him, and whatever they did they would do for him.   The witness said he went there to find out from the defendant who was in possession, in order to ascertain against whom to bring a suit in favor of the plaintiff.

It was admitted that the defendant was the assignee of the estate of Martha E. Henry, and that all her property was duly assigned to him under the bankrupt act, before the commencement of this suit, and that she was the owner of the equity of the redemption of the premises at the time of the assignment.

The defendant testified that after he received the assignment in bankruptcy and before the commencement of this suit he took possession of the premises in question and gave the plaintiff the following notice in writing :

" To Joel Walker, of West Boylston, in the county of Worcester.   You are hereby notified that I have this day taken possession of all the real estate belonging to the estate of Martha E. Henry of said West Boylston, bankrupt, and that I have elected, and hereby notify you of my said election, to avoid the three mortgages now held by you covering part or the whole of said real estate, on the ground that the same are fraudulent and void, against creditors, in your hands; said mortgages are as follows : first, a mortgage given to you by said Martha E. Henry, dated December 1, A. D. 1869, and recorded in the Registry of Deeds, for said Worcester County, book 804, page 418 ; second, a mortgage given to you by said Martha E. Henry, dated January 20, A. D. 1870, recorded in said Registry of Deeds, book 810, page 15 ; third, a mortgage assigned to you by Miss Waite, Feb. 14, A. D. 1870.   And I notify you that I do and shall hold said real estate wholly free and discharged from all said mortgages,

and treat said mortgages as wholly null and void. Dated this 24th day of August, A. D. 1871. Fredk. Thayer, assignee in bankruptcy of Martha E. Henry, bankrupt."

The mortgage relied on by the plaintiff in this case' was not one of those enumerated in the notice.

At the close of the evidence the defendant asked the court to rule that there was no evidence to warrant a verdict for the plaintiff and contended that the provisions of Gen. Sts. *c.* 137 were not applicable to the case, and requested the court to order a verdict for the defendant.

The court, in order that the facts might be found by the jury, declined so to rule, and, with the acquiescence of the parties, submitted the following interrogatories to the jury, with proper instructions :

Int. 1. Was there a forcible detainer of the premises, by the occupants, as against the plaintiff ?

Int. 2. In the forcible detainer of the premises, by the occupants, were they acting under the authority of the defendant ?

Int. 3. Did the agents of the plaintiff attempt to enter the premises with force and violence, and under such circumstances as to reasonably excite terror and alarm in the minds of the occupants ?

To the first and second interrogatories the jury answered " Yes," and to the third " No."

The presiding judge by the consent of the parties reported the case to this court. If upon the foregoing evidence and the findings of the jury the action could have been maintained, judgment was to be entered for the plaintiff, otherwise for the defendant.

*F. T. Blackmer*, for the plaintiff.

*F. P. Goulding*, (*H. B. Staples* with him,) for the defendant.

AMES, J. The case finds that the title of the mortgagor had been duly conveyed to the defendant, who accordingly had the right of possession against everybody except the mortgagee. The note which the mortgage was given to secure was overdue and unpaid, and there was therefore a breach of condition. After such a breach of condition, an entry or an attempt to gain pos-

session on the part of the mortgagee would be presumed to be for the purpose of foreclosure. *Taylor* v. *Weld*, 5 Mass. 109, 121. *Ayres* v. *Waite*, 10 Cush. 72, 79. The facts reported disclose nothing that at all conflicts with that presumption, and there is no reason to suppose that his purpose was to enforce part of his rights only, instead of the whole. The rights of the mortgagee, after breach of condition, are clearly defined by Gen. Sts. *c.* 140. He may recover possession of the mortgaged premises by action at law, or he may make an open and peaceable entry thereon, if not opposed by the mortgagor or other person claiming the premises. The case finds that he was not able to obtain possession in the latter of these two methods, and therefore he is obliged to resort to his action at law. But it has repeatedly been decided that he cannot resort to the process of forcible entry and detainer for that purpose, and that the remedies of a mortgagee are of a different character, clearly marked out by law. *Hastings* v. *Pratt*, 8 Cush. 121. *Larned* v. *Clarke*, Ib. 29. *Gerrish* v. *Mason*, 4 Gray, 432. The statute, while it provides a full and convenient remedy for the creditor, was also intended to provide certain important advantages to the party entitled to redeem, the benefit of which he must wholly lose in the form of action adopted by the plaintiff in this instance. The statute evidently contemplates a real action, in which the demandant counts upon his own seisin; and in which the other party has a right to have the court inquire and determine how much is due upon the mortgage, and also has a right to have a conditional judgment entered, which delays for two months the issue of the execution, and which may materially facilitate the redemption of the mortgage. We are clearly of the opinion therefore that the process of forcible entry and detainer was not intended to apply to the case of a mortgagee seeking possession of the mortgaged premises, after breach of condition, or to add anything to the remedies specifically given him by the 140th chapter above cited.

It is true that a mortgagee may take possession and eject the mortgagor, before condition broken, unless there is an agreement to the contrary. *Wales* v. *Mellen*, 1 Gray, 512. And that this

right is expressly reserved to him by Gen. St. 140, § 9. But it is safe to say that if under the statute he has such a right after a breach of condition, it can only be where there is affirmative evidence that the intended entry was not for foreclosure, and in the case before us there is no such evidence.

*Judgment for defendant.*