PETER BOYLE *vs.* WILLIAM BOYLE.

Franklin.   Sept. 22, 1875.   June 19. — Oct. 4, 1876.

A mortgagee of land, who has not taken possession thereof, cannot maintain an action for forcible entry and detainer under the Gen. Sts. *c.* 137.

A purchaser, under a power of sale contained in a mortgage of land, cannot maintain an action for forcible entry and detainer under the Gen. Sts. *c.* 137, when neither he nor the mortgagee has taken possession.

MORTON, J.   The principal question in this case is whether a mortgagee of land, after condition broken, can maintain the process of forcible entry and detainer, under the Gen. Sts. *c.* 137, to obtain possession of the land.   The statute provides that " when a forcible entry is made, or when a peaceable entry is made and the possession unlawfully held by force," " the person entitled to the premises may be restored to the possession in the manner hereinafter provided."   It is applicable to two cases : one where the possession of the defendant is obtained by a forcible entry; the other where a peaceable entry is made by him without right, and the possession is unlawfully held by force.

In *Mitchell* v. *Shanley*, 15 Gray, 319, the court say that one of the cases in which this process can be maintained is " where an entry is made upon the real estate of another person in a peaceable manner by a party who has no right or authority to do so, and who thereafterwards holds and maintains his possession of the premises by force."   The language of the statute implies that no one is entitled to the remedy unless he has had possession of the premises.   Its object was to furnish a summary remedy in cases where the possession of the owner is invaded by a forcible entry, or by a peaceable entry and a forcible detainer.

The history of the statute confirms this construction.   It is a reënactment of the provisions of the Rev. Sts. *c.* 104, § 2, without change.   As stated in *Presbrey* v. *Presbrey*, 13 Allen, 281, the provisions of the Revised Statutes concerning forcible entry and detainer are " substantially a reënactment of St. 1784, *c.* 8, which was preceded by a colonial statute of similar import.   St. 13 Wm. III. *c.* 71.   The provisions of both these last named acts, with some modifications, were taken from the statutes of England on the same subject, more especially from St. 8 Hen. VI. *c.* 9, and

so far as they made provision for the restitution or 'reseizing' of land and tenements forcibly entered or detained, they did not essentially differ therefrom."

The St. of 1784, following the English and Provincial statutes, plainly contemplated that the possession of the plaintiff was invaded. The form of the verdict provided in that statute was that the jury find that the said lands were in the lawful and rightful possession of the plaintiff, and that the defendant did "unlawfully, with force and arms and with a strong hand, enter forcibly upon the same, (or, being lawfully upon the same, did unlawfully and with a strong hand,) expel and drive out the said" plaintiff; "wherefore the jury find upon their oaths aforesaid that the said A. B. [the plaintiff] ought to have restitution thereof without delay." And the form of the judgment of the court was that the plaintiff "have restitution of the premises."

The Provincial statute, above referred to, provides that if it is found that a forcible entry into lands is made, or the same are held with force, the justices shall cause the same lands "to be reseized, and thereof the party to be again put into possession who in such sort was put out or holden out." 1 Prov. Laws, (State ed.) 442; Anc. Chart. 354.

We are of opinion that these statutes concerning forcible entry and detainer were intended to furnish a summary redress to those persons who, being in possession, are dispossessed either by a forcible entry, or by a peaceable entry and a subsequent detainer by force; and cannot extend to one who has never been in possession of the land, but has merely a right of possession. It follows that the plaintiff in this case, if we assume that he had a right of possession as mortgagee, and attempted to take possession under his mortgage, cannot maintain this action. He was never in possession, and therefore not within the statute. The law furnishes him a suitable remedy. He may make a peaceable entry in the presence of two witnesses, if not opposed by the mortgagor; or he may recover possession by a real action, as provided in the Gen. Sts. c. 140, § 1.

In the recent case of *Walker* v. *Thayer*, 113 Mass. 36, it was held that the process of forcible entry and detainer could not be maintained in the case of a mortgagee who attempted to take

possession after a breach of condition, for the purpose of fore-closure, and whose attempt had been repelled by force. The *dictum* in the opinion, that if he has a right to such action, " it can only be where there is affirmative evidence that the intended entry was not for foreclosure," cannot be deemed an authority that he could maintain the action even if he did not intend to enter to foreclose. If he cannot thus obtain possession for the purposes of foreclosure, we see no reason why he can for any other purpose. If he could, he could immediately, by giving notice, convert his possession into a possession for foreclosure.

Most of the cases cited by the plaintiff, in which a mortgagee has maintained this process, are cases where he has entered to foreclose, and thus obtained actual possession before the forcible entry or detainer. *Saunders* v. *Robinson*, 5 Met. 343. *Mitchell* v. *Shanley*, 15 Gray, 319. *Presbrey* v. *Presbrey*, 13 Allen, 281. *Kinsley* v. *Ames*, 2 Met. 29. *Howard* v. *Howard*, 3 Met. 548.

We find no case in which it has been held that a mortgagee, or other grantee not in possession, can maintain this process for the purpose of obtaining possession. In *Benedict* v. *Hart*, 1 Cush. 487, this question was not raised. It appeared that the plaintiff was owner of the farm and had been in possession, and it was assumed throughout the case that his possession was invaded by the defendant, the only question being whether a forcible detainer was proved.

It was not intended, by this summary process before a justice of the peace, to try questions of title to real estate, but to give a speedy remedy to those who, being in possession of land, are unlawfully dispossessed by a strong hand. Similar statutes in other states have received a like construction. *Lee* v. *Stiles*, 21 Conn. 500. *Stiles* v. *Homer*, 21 Conn. 507. *Reed* v. *Elwell*, 46 Maine, 270, 278.

The plaintiff therefore cannot maintain this action as assignee of the mortgage, and for the same reasons he cannot maintain it if he has acquired a title to the estate under the sale by virtue of the power contained in the mortgage. It is not necessary to consider whether such sale was a valid execution of the power.

*Judgment for the defendant.*

*C. Delano & C. G. Delano*, for the defendant.

*S. T. Field*, for the plaintiff.