JAMES C. WOODSIDE *vs.* HARRIET A. RIDGEWAY & others.

Suffolk. March 9, 1878. — February 5, 1879.

A lessee, who has never been in possession of the premises, and who acquires title through a purchaser at a mortgagee's sale, neither the purchaser nor the mortgagee having ever been in possession, cannot maintain an action, on the Gen. Sts. *c.* 137, for forcible entry and detainer.

ACTION on the Gen. Sts. *c.* 137, to recover possession of certain rooms in a house in Boston. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, on agreed facts, the substance of which appears in the opinion.

*W. W. Blackmar & H. N. Sheldon,* for the plaintiff.

*A. Russ,* for the defendants.

MORTON, J. It appears by the statement of facts that the defendants and one Comley were the owners of an undivided half of a house in Boston, Mrs. Weaver being the owner of the other undivided half; that, by an oral arrangement between the parties, the defendants took possession of, and have since exclusively occupied, the rooms in controversy; that afterwards, in July, 1874, the defendants and Comley mortgaged their undivided half to one Blackmar; that the mortgagee entered for breach of the condition, and sold the mortgaged premises to one Squire, under a power of sale contained in the mortgage; that Squire afterwards assigned his right and interest to Mrs. Weaver, who thus acquired possession of all the house except the rooms in question; that she, in October 1876, executed a lease to the plaintiff of the whole house; and that he endeavored to evict the defendants from the rooms occupied by them, and was forcibly resisted.

The plaintiff seeks by this suit to obtain possession of the

house to the exclusion of the defendants, and not to assert any right to a joint possession which Mrs. Weaver might have had as a tenant in common, under the decision in *Presbrey* v. *Presbrey*, 13 Allen, 281.

His right depends upon the sale under the mortgage made by the defendants. He can have no greater rights than those of the purchaser at that sale. But neither the mortgagee nor the purchaser at the mortgage sale has ever had possession of the disputed premises. The case therefore falls within the principle of *Boyle* v. *Boyle*, 121 Mass. 85, which decides that a mortgagee or a purchaser not in possession cannot maintain this process for the purpose of obtaining possession, the object of the statute being to give a speedy remedy to those who, being in possession of land, are unlawfully dispossessed by force, and not to permit questions of title to be tried by a summary process before an inferior tribunal.

The plaintiff relies upon *Kinsley* v. *Ames*, 2 Met. 29, but we think the cases are distinguishable. In that case, as explained in *Howard* v. *Merriam*, 5 Cush. 563, the defendant gave a mortgage of his farm, with a power of sale, and the estate was sold by an assignee of the mortgage, pursuant to the power, and with the assent of the mortgagor. The purchaser entered on a part of the premises, and gave notice to the defendant to surrender the possession of the house; but the latter refused, and resisted with menaces and force. It was held that the defendant was not a tenant at will, and was not entitled to notice to quit, and that, the plaintiff having rightfully entered on a part of the premises, the forcible resistance to his entry on the remainder constituted a forcible detainer within the statute. The court assumed, as one of the elements of the case, that the plaintiff was in the actual occupation of a part of the mortgaged premises. The character of his occupation, and the mode in which he obtained possession of the rest of the farm, whether by consent of the defendant or otherwise, are not stated or discussed. It is also to be observed, that in that case it does not appear that the defendant ever raised any question of title in himself.

It is true that in the opening paragraph of the opinion Chief Justice Shaw states that he presumed that the cause was transferred from the justice to the Court of Common Pleas without a

trial, because it appeared that the title to the freehold was brought in question; but the fact is otherwise. It appears from the original papers on file, that the case was tried before the justice, and appealed to the Court of Common Pleas, where a trial was had, which resulted in a verdict for the defendant, and the case was then appealed to this court. In the record of the case, there is nothing to show that the defendant ever denied the plaintiff's title or his right to possession; the only ground of his defence apparently being that he was entitled to three months' notice to quit as a tenant at will of the house.

The question whether the plaintiff had such possession as to entitle him to the process of forcible entry and detainer, instead of a writ of entry, was not argued in this court, the fact being, as appears from the minutes of the late Judge Metcalf, then reporter of decisions, that the case was not argued by the defendant's counsel. We cannot therefore regard that case as an authority in the case at bar, in which the defendants have never, by giving possession or otherwise, recognized the title of the plaintiff, or his possession or right to possession of the disputed premises, but claim the right to rely upon an adverse title.

The plaintiff cannot, in this form of action, try the question of the validity of his title.        *Judgment for the defendants.*