HENRY S. JEWETT *vs*. FIFIELD MITCHELL.

Somerset.    Opinion January 6, 1881.

*Forcible entry and detainer.    Equitable mortgages.*

</div>

The process of forcible entry and detainer lies by an equitable mortgagee against the equitable mortgagor; although otherwise, where the parties to the suit are parties to a legal instead of an equitable mortgage.

A grantee may maintain forcible entry and detainer against his grantor; the grantor not defending under any other title, the deed purporting to convey the whole, but in fact conveying only an undivided half of the described premises.

ON REPORT.

Forcible entry and detainer.

The law court to render judgment in accordance with the legal rights of the parties.

The facts sufficiently appear in the opinion.

*Folsom and Merrill*, for the plaintiff, cited: 69 Maine, 302; *Jewett* v. *Bailey*, 5 Maine, 87; *French* v. *Sturdivant*, 8 Maine, 246; *Purrington* v. *Pierce*, 38 Maine, 447; 43 Maine, 206; *Reed* v. *Sewall*, 46 Maine, 278; *Dunning* v. *Finson*, 46 Maine, 546; *Bennock* v. *Whipple*, 12 Maine, 346; 2 Smith's Leading Cases, 655; 3 Wash. R. P. 93; 34 Maine, 304; 45 Maine, 447; 56 Maine, 9.

*J. H. Webster* and *J. B. Barrett*, for the defendant.

Our action of forcible entry and detainer is regulated entirely by R. S., c. 94, § § 1, 2, which provides for its use in three cases. Neither of them are applicable to this case.

It is claimed only to maintain it under the provision for terminating a tenancy at will. No tenancy at will ever existed. There is no pretense that any rent was ever paid or payable. *Dunning* v. *Finson*, 46 Maine, 546.

As to one half undivided, there is no pretense that plaintiff has anything but a mortgagee's interest. As to the other the court have found that defendant has a right to redeem, which must be to redeem from a mortgage.

The plaintiff recognized that the relation of mortgagee and mortgagor existed between them at the time of the commencement of this suit.

Mortgagee cannot maintain forcible entry and detainer against mortgagor. *Reed* v. *Elwell*, 46 Maine, 270.

PETERS, J. This is a proceeding under the forcible entry and detainer act.

The respondent and another, being the owners of the premises sued for, mortgaged them to Scammon Burrill, who assigned the mortgage to the complainant. The respondent afterwards gave to the complainant a quitclaim deed of the entire premises, receiving back an agreement, not under seal, for a reconveyance when certain conditions were performed.

It is contended that the process does not lie, because the complainant is not the possessor of the absolute title to all the premises, being an owner of one half and a mortgagee (by assignment) of the other half. Such a defence cannot be set

up by the respondent. His grantee can expel him from the premises which he has a deed of from him. The respondent does not defend under any title held by any person other than himself.

It is contended that the parties to the suit stand in the relation to each other of mortgagor and mortgagee, and that the complainant must fail on that account. There is no doubt, under our present statutes, that the quitclaim deed and the unsealed agreement to reconvey constitute an equitable mortgage. But the respondent's right cannot be recognized in any proceeding at law. It is a mortgage in equity and not in law. His remedy is in equity and not at law. There are various kinds of equitable mortgages, and it would lead to many embarrassments, under our system of jurisprudence, to admit equitable defences to actions in courts of law. The only reason that a process of forcible entry and detainer does not lie by a mortgagee against the mortgagor, is, that a conditional judgment cannot be rendered in such a case, and the right to a conditional judgment is allowed in all actions between such parties by statute. Here the objection is not in the way. *Walker* v. *Thayer*, 113 Mass. 36 ; *Reed* v. *Elwell*, 46 Maine, 270 ; *Dunning* v. *Finson*, *Id.* 546 ; Jones on Mort. (2d ed.) § 720.

The respondent, after his deed to the complainant, was removable under the process sued out against him. *Larrabee* v. *Lumbert*, 34 Maine, 79.

*Judgment for complainant.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.