HORATIO WILLIAMS *vs.* ROSE McGAFFIGAN.

Suffolk. March 7, 1881. — Jan. 2, 1882. ENDICOTT, DEVENS & ALLEN, JJ., absent.

A., claiming title to premises under a deed from B., who was in possession and denied A.'s right and refused to give him possession, succeeded, in attempting to gain possession, in crossing the threshold of the house without actual resistance, but was then resisted and made no further progress, and B. continued his possession uninterrupted. *Held,* that A. never had such possession as entitled him to maintain an action on the Gen. Sts. *c.* 137, for forcible entry and detainer.

ACTION on the Gen. Sts. *c.* 137, to recover possession of certain premises in Boston. At the trial in the Superior Court, before *Pitman,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. M. Baker,* for the defendant.

*G. Z. Adams,* for the plaintiff.

MORTON, J. The process of forcible entry and detainer, provided by our statutes, is in its nature an action by which one who has been in the possession and enjoyment of an estate, and who has been forcibly deprived of it, may be restored to the possession and enjoyment. Our statutes give a similar remedy to a landlord against his lessee who holds possession without right, after the determination of his lease, and to a mortgagee after foreclosure who is kept out of possession by any person without right. Gen. Sts. *c.* 137, § 2. St. 1879, *c.* 237.

But, except in the cases of landlords and of mortgagees, this process has not been extended to try the title or right of possession of lands, in favor of one who has never been in possession. The purpose of the statute is to give a speedy remedy to those whose possession is invaded, and not to take the place of a writ of entry to try the title. *Boyle* v. *Boyle*, 121 Mass. 85. *Woodside* v. *Ridgeway*, 126 Mass. 292.

In the case before us, the plaintiff never had possession of the premises sought to be recovered. He claimed under a deed from the defendant, but she denied his right, refused to give him possession, and remained herself in possession continually up to the date of the writ. The plaintiff invaded her possession and attempted to dispossess her, but without success. The utmost that the evidence shows is, that he succeeded in crossing the threshold of the house without actual resistance ; but the defendant, as soon as she ascertained his purpose, resisted his taking possession, and maintained her own possession uninterrupted.

These facts show that the plaintiff never had a possession which entitles him to maintain this process ; and the court should have ruled, as requested by the defendant, that, on the evidence, the action could not be maintained.

*Exceptions sustained.*