This is a bastardy proceeding which comes to this Court by a binding-over judgment of a Justice of the Peace. The defendant entered a special appearance in this Court and filed a plea in abatement and to the jurisdiction, which was the renewal of a similar plea filed before the Justice of the Peace. The plaintiff filed an answer to the Plea in Abatement divided into three parts, which are described as First, Second and Third Counts but which are, in fact, three separate defenses to the Plea in Abatement. The defendant in turn filed a pleading entitled Demurrer to Answer to Plea in Abatement. This demurrer, however, attacks only *Page 454 
Paragraph 1 of the so-called "First Count" of the Answer. For reasons hereinafter set forth, it appears to me that the matters alleged in that paragraph of the Answer, taken as a separate and distinct defense, are insufficient in law, for the reasons set forth in defendant's demurrer. The other two defenses set up in the Answer depend for support entirely on the record, and while no formal written denial was filed to these two other defenses, at the hearing on the Demurrer it was agreed that all the issues raised by the Plea in Abatement, the Answer thereto, and the Demurrer to the Answer, should be disposed of at this time.
The material facts appearing of record are as follows: The warrant issued in this action was directed to the sheriff of the County of New London, his deputy, or either constable of the Town of Montville, within said County, and there also appears in said warrant another direction directed to the sheriff of the County of New Haven, his deputy, or either constable of the Town of Meriden, within said County. There is no direction in the process either to the sheriff of Hartford County, his deputy, or any constable of any town within Hartford County. The defendant was apprehended by Sheriff Bradford of New London County in the Town of East Windsor, within the County of Hartford, and was brought before the Justice of the Peace in the Town of Montville on December 19, 1936. Sheriff Bradford's return shows that he served the writ and complaint on the defendant in Montville within the County of New London on December 19, 1936. The defendant was presented before the Justice of the Peace on that day and moved for a continuance of the hearing to December 28, 1936, and entered into a recognizance with surety for his appearance before the Justice of the Peace on that day. On December 24, the defendant caused a special entry of appearance to be made by his Attorney, Mr. David H. Jacobs, and filed a Plea in Abatement upon the same grounds as is set forth in the Plea in Abatement filed in this Court. On December 28, before the Justice of the Peace, the plaintiff filed an Answer to the Plea in Abatement, similar to the Answer filed in this Court, and the Justice of the Peace heard the parties, found probable cause, and bound the defendant over to appear in this Court on the first Tuesday of January, 1937. On December 31, 1936, the defendant filed a special appearance through his Attorney in this Court and renewed the Plea in Abatement filed in the Justice Court, and the other pleadings in respect thereto followed as before set forth. *Page 455 
Taking up first the claim made in the so-called "Third Count" of the Answer, to the effect that the defendant waived his right to plea in abatement on the grounds set forth, it does not appear to me that the defendant entered a general appearance before the Justice of the Peace on December 19, 1936, the day of his apprehension. It is true that the defendant entered into a recognizance on that day for his appearance on the day to which the hearing was adjourned. But this recognizance was in the ordinary form and was the most convenient way for the defendant to free himself from arrest pending the hearing. In view of the fact that the defendant was wrongfully apprehended and brought before the Justice of the Peace, I do not think that his act in entering into the recognizance can be taken as a waiver of his right to question the legality of his apprehension in this civil proceeding. The general rules respecting civil cases are applicable to this proceeding.
Copes vs. Malacarne, 118 Conn. 304, 305.
In respect to the delay in filing the Plea in Abatement before the Justice of the Peace, it is true that a formal defect which is not a defect of a matter of substance may be waived by failure to object to it at the proper time, and that under the rules of practice which apply to this Court a plea in abatement based on such a claim must be filed "on or before the opening of court on the day following the return day of the writ." There is, however, no time limited, either by statute or by any rule of Court, in which such pleas shall be presented in cases before a Justice of the Peace. They should, however, be presented at an early period in the proceedings.
Stiles vs. Homer, 21 Conn. 507, 510.
In my opinion, the defendant was not required to file his Plea in Abatement on the day of his arrest, and in filing it before the day set for the hearing, it was filed within the provisions of the general rule.
The process in this proceeding was not directed to the sheriff of the County of Hartford, or his deputy. Sheriff Bradford, as sheriff of the County of New London, had authority to "execute in his county any lawful process directed to him." G. S., Section 224. While under General Statutes,Section 223, sheriffs "may appoint each other as deputies in their respective counties," this does not enlarge the precincts of the sheriff but simply permits him to serve process as Deputy Sheriff in the other County. General Statutes, Section *Page 456 5481, which provides that "if an officer shall have commenced the service of civil process within his precincts" he may "serve such process upon any defendant therein named without his precincts" has no application because there was no commencement of service of the process in question within the County of New London. The service made by Sheriff Bradford on the defendant in Montville, within the County of New London, was not good service because defendant had been wrongfully apprehended and taken within the County of New London before such service was made upon him.
The situation appearing in this case is somewhat similar to the facts in the case of Hamden vs. Collins, 85 Conn. 327.
In that case, the process was wrongfully directed to and served by an indifferent person. In respect to that matter, the Court says (p. 330):
 "Directed, as this was, to an indifferent person, who served and made return of his service of it in that capacity, it had no force, and was to all intents and purposes void as a process for the institution of the proceedings. . . . The plea in abatement in the Town Court should have been sustained, and the proceedings dismissed. It was not, but jurisdiction was taken, a hearing had, and a binding-over judgment entered. This judgment was extrajudicial and void."
In the same case it appeared that somewhat similar claims were made by the plaintiff as are made by the plaintiff in the instant case. In respect to the waiver of objection to the defective apprehension and service by reason of appearance before the Justice Court, the Court says (p. 331):
 "The plaintiff asserts that the defendant voluntarily appeared before the court, and that, therefore, it had jurisdiction to cause him to answer to the complaint. On the contrary, the return shows that he appeared by virtue of Webster's pretended arrest in the service of the warrant, and under the compulsion of his custody. The fact that the defendant submitted peaceably to Webster's pretense of authority, and accompanied the latter as directed, did not affect his status as one restrained of his liberty. The pertinent facts are that Webster assumed authority to arrest him by force of the warrant in his hands, and that the defendant submitted to that authority which Webster asserted. . . . It was not necessary for him to *Page 457 
resist Webster's attempt, or to disregard his captor's orders or custody, or to compel the use by Webster of actual force in order to preserve his rights. . . . The defendant's production before the court was in the eye of the law forceful, and he carefully avoided a waiver of his rights by his plea."
In respect to the question of the effect of the service of the warrant on the defendant at Montville in the County of New London at the time of his apprehension, the following further quotation from Hamden vs. Collins is applicable (p. 333):
 "Furthermore, it was not competent for Webster as a constable to arrest the defendant where and when he pretends to have done so. He had wrongfully, and in the eye of the law forcibly, brought the defendant from New Haven, outside of his precincts as a constable, into Hamden, and thus within his precincts, and was then holding him in custody under an illegal arrest made in New Haven. This his two returns show, and this the law will not suffer to be done in the service of a civil process. It will not permit the illegal act to be thus utilized, and results forbidden to be accomplished directly thus suffered to be achieved by indirection."
 For all the above reasons, the Plea in Abatement and to the jurisdiction is sustained, and judgment thereon may be entered for the defendant, dismissing the writ and complaint, with taxable costs.