[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an entry and detainer proceeding pursuant to General Statutes Section 47a-43(a). Plaintiff is seeking a writ of restitution ordering that he be restored to his personal property.
On or about August 26, 1999, after a 30 day absence[1], by CT Page 14393 reason of his incarceration in a penal institution, the plaintiff returned to his dwelling at 51 High Street, New Britain. His key would not open a new top lock on his door. The new lock had been placed on the door at the instruction of the defendant when Michael Dunn, the maintenance person, discovered the door lock broken, the door partially open and the apartment vacant except for trash and a sofa.
When Dunn opened the door to the dwelling for the plaintiff, he discovered his personal belongings gone. He spent the night in the apartment. The next morning, he returned the key to Dunn and he stated, "I'm out of here." The next day Pearson returned to the apartment and a new lock was on the door. When he called the defendant three to four days later, the defendant offered to return the plaintiff's security deposit and file an insurance claim.
On a complaint for entry and detainer, the burden of proof is on the complainant and it is incumbent on him to prove that his possession has been invaded by the acts complained of. Stiles v.Homer, 21 Conn. 507 (1852). The plaintiff has failed to sustain that burden.
The Writ of Restitution is denied. Judgment for the Defendant.
Tanzer, J.