Haller v. Blaco.

WILLIAM D. HALLER, PLAINTIFF IN ERROR, V. RICHARD BLACO, DEFENDANT IN ERROR.

1. **Practice:** FINDINGS. The code, sec. 297, does not require the court to separate its findings of fact, but merely " the *conclusions* of fact found separately from the conclusions of law. " MAXWELL, J., dissenting.

2. **Forcible Entry and Detainer.** A party who has never been in possession of land cannot maintain an action against the owner of the fee for an alleged forcible entry and detention.

ERROR to the district court for Washington county. Tried below before SAVAGE, J.

*L. W. Osborn,* for plaintiff in error.

*E. Estabrook,* for defendant in error.

LAKE, CH. J.

This is a petition in error from Washington county. The original action was brought by the plaintiff in error in the county court, for the forcible entry and detention of a quarter-section of land, where the defendant had judgment in his favor, which, on proceedings in error to the district court, was affirmed. This judgment of affirmance is now here for review.

The errors assigned are practically three. *First.* The refusal of the court " to make separate findings as required by law." *Second.* That the finding of the county judge was against the evidence. *Third.* The exclusion of certain tax receipts offered in evidence.

As to the first error complained of, the record only shows that "the plaintiff requested the court to make separate findings of fact, which the court refused to do." There was no error in this refusal. The statutory provision by which this demand upon the court is supposed to have been justified, does not entitle a party to "separate findings of fact," but simply to a statement in writing of "the conclusions of fact found separately from the conclusions of law." Sec. 297, civil code. The request therefore was not within the contemplation of the statute. Besides, there was but a single conclusion of fact to be passed upon, and that was simply whether the evidence showed the complaint to be true. The court did find expressly "that the complaint" was "not true," which gives ample opportunity for review upon the question of the findings being supported by the evidence.

The second assignment cannot be upheld. The evidence was clearly insufficient to sustain the complaint. The charge was that "Blaco did, on the first day of December 1876, unlawfully and forcibly enter upon the said premises, and has unlawfully and forcibly detained the same" from the plaintiff. The evidence offered by the plaintiff

was to the effect merely that he claimed the land under a tax deed, which by this court had been pronounced invalid (*Haller v. Blaco*, 10 Neb., 36); that Haller himself had never in person been upon the land, but had executed a lease of it to one Mortenson, who, at his instance, in the fall of 1876 had erected a small house and stable thereon, with the intention of living there; that even when Mortenson went on the land, under this lease, the defendant Blaco was in actual possession, engaged in plowing, and had during that year raised and harvested a crop of wheat thereon; that soon after Mortenson had completed the house, Blaco moved into and had held possession of it ever since; that the plaintiff leased the land to Mortenson, and had him erect the house, with full knowledge of Blaco's possession and cultivation, and with the view of thus getting to himself an adverse possession; that soon after Blaco went into the house, Mortenson surrendered his lease, and abandoned all claim to the land.

It is clear that, even upon the plaintiff's showing alone, of which we have given the substance, the action was not sustained; but on the contrary, if Mortenson had moved into the house, and remained there forcibly and against the will of Blaco, he would have been liable in an action at the suit of the latter. The attitude of the parties toward each other was simply this: Blaco is in peaceable possession of the land from early in the year 1876, and engaged in its cultivation. Haller is without title, and was never in possession, unless constructively for a short time in the fall of that year, while his lessee, Mortenson, was building the house and stable. His only interest in the land, if he had any at all, being that given by the statute to the holder of a tax title which has failed. Occupying this relation to each other, and to the land, it seems clear that a forcible entry by Blaco, as against Haller, was not only not shown, but was absolutely impossible. And the correctness of this conclusion is made doubly certain by the evidence on the

part of Blaco, that he was not only in the peaceable possession of the land, but was the absolute owner of the fee. A party who has never been in possession of land cannot maintain an action against the owner of the fee for an alleged forcible entry and detention. If he have any interest in the land, he must seek it in another form of action.

As to the third assignment, we have only to say that the record fails to show that the tax receipts were excluded; indeed, it shows just the reverse of this. But they ought to have been excluded for the reason that they were incompetent evidence in that action. Finding no error in the record, the judgment is affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., dissents.