## LINK v. SCHLEGEL.

No. 1883.   Opinion Filed September 11, 1912.

(126 Pac. 376.)

**FORCIBLE ENTRY AND DETAINER**—When Maintainable. Under the statutes of this state, in the absence of the relation of landlord and tenant, a person who has never been in possession of the premises in controversy cannot maintain an action of forcible entry and detainer against one in possession under color of title.

(Syllabus by the Court.)

*Error from Bryan County Court;*
*Chas. A. Phillips, Judge.*

Action by E. Schlegel against J. B. Link. Judgment for plaintiff on appeal from justice, and defendant brings error. Reversed and remanded.

*McPherren & Abbott* and *C. B. Cochran,* for plaintiff in error.

*T. B. Wilkins,* for defendant in error.

HAYES, J. This is a forcible entry and detainer action, instituted originally by defendant in error in a justice court of

Bryan county.   From a judgment in that court an appeal was taken to the county court, in which, upon a trial, a verdict and judgment was rendered in favor of defendant in error for possession of the lands and premises described in his petition.

The material facts established by the evidence of defendant in error are:   That in December, 1907, plaintiff in error occupied the premises in controversy as a tenant under a lease for five years, about one year of the term of which had expired.   Plaintiff in error was at that time indebted to defendant in error upon a promissory note which was past due.   Plaintiff in error orally assigned his lease to defendant in error for a consideration of $150, to be credited as part payment upon plaintiff in error's note, which was done.   Plaintiff in error continued to occupy the premises; and when demand was made upon him to deliver possession of the same to defendant in error, which was done in the first part of the succeeding year, plaintiff in error refused to deliver possession.

Plaintiff in error by his answer, which his evidence tends to support, denies that he ever sold the lease to defendant in error, and denies that defendant in error is the owner of said lease, and pleads the statute of frauds.   The two propositions urged principally by plaintiff in error for reversal of the cause are, first, that the parol assignment of the lease, if made, is void, being in violation of the statute of frauds; and, second, that defendant in error cannot recover in this action, for the reason that he has never been in possession of the lands in controversy.   In answer to the first proposition defendant in error insists that the contract has been taken out of the statute by part performance. We do not regard a consideration of these contentions necessary, however, because in our opinion upon the second ground urged by plaintiff in error defendant in error cannot maintain this action. The action of forcible entry and detainer is possessory in its nature, and has for its purpose the restitution of possession of lands and tenements to one who has been deprived of such possession by force.   The right to maintain the action is not determined by plaintiff's right of possession, but by whether he has been in possession and such possession has been taken from him by

force; and, unless otherwise provided by statute, a person who has never been in possession of lands cannot maintain the action. 19 Cyc. pp. 115, 1128.

The statutory provisions in this state relative to this action are to be found in sections 6429 and 6430, Comp. Laws 1909. Section 6429 reads as follows:

"Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceable entry into land or tenements, unlawfully and by force hold the same, and if it be found, upon such inquiry, that an unlawful and forcible entry has been made, and that the same lands and tenements are held unlawfully, then said justice shall cause the party complaining to have restitution thereof."

It is apparent that the foregoing statute contemplates that the result of the action shall be a means of restoring possession of lands and tenements to persons who are deprived thereof in one of the two ways named, to wit, by an unlawful and forcible entry and detention, or by an unlawful and forcible detention after a lawful and peaceable entry. In each instance, however, the possession of the complaining person must have been entered either unlawfully or lawfully; and in the second case held by force. Statutory provisions similar to the foregoing are generally construed by the courts not to authorize one who has never been in possession to maintain the action. *Boyle v. Boyle,* 121 Mass. 85; *Woodside v. Ridgeway,* 126 Mass. 292; *Clay v. Sloan,* 104 Tenn. 401, 58 S. W. 229; *Necklace v. West,* 33 Ark. 682; *De Graw v. Prior,* 53 Mo. 313; *Schwinn v. Perkins,* 79 N. J. Law, 515, 78 Atl. 19, 32 L. R. A. (N. S.) 51, 21 Ann. Cas. 1223; *Haller v. Blaco,* 14 Neb. 195, 15 N. W. 348; *Womack v. Powers et al.,* 50 Ala. 5.

Under the succeeding section of the statute, the action may be maintained in some instances by plaintiff who has never been in possession. Said section reads as follows:

"Proceedings under this article may be had in all cases against tenants holding over their terms; in sales of real estate on executions, orders, or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment

Link v. Schlegel.

or decree, by virtue of which such sale was made in sales by executors, administrators, guardians and on partition, where any of the parties to the partition were in possession at the commencement of the suit, after such sales, so made, on execution or otherwise, shall have been examined by the proper court, and the same by said court, adjudged legal; and in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which the complainant has the right of possession. This section is not to be construed as limiting the provisions of the first preceding section."

The facts in the case at bar do not bring it within any of the provisions of this section. Under the last clause of the section, a plaintiff having the right of possession, although not having the actual possession, may maintain the action, if defendant occupies the lands and tenements without any color of title. Right of possession alone is essential to his maintenance of the action. *Price v. Olds,* 9 Kan. 66. But plaintiff in error in this case is not without color of title. He holds the written paper title to the leasehold estate. If we assume that there has been such a part performance as to take the contract of assignment out of the statute of frauds, plaintiff in error still holds the paper title to the leasehold estate; and what the court is asked to do in this action is to determine, not only whether plaintiff in error has unlawfully and by force withheld possession from defendant in error, but also to determine which of the two parties has the right of possession by determining who in fact at the present time has the leasehold estate in the lands in controversy. Plaintiff in error, therefore, is not without color of title, and to try this action would require the court to try the title to the lease, which it is not authorized to do.

The judgment of the trial court should be reversed and the cause remanded for further proceedings in accordance with this opinion.

TURNER, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.