## NORTHCUTT *et al.* v. BASTABLE.

No. 2840.   Opinion Filed August 6, 1913.

(134 Pac. 423.)

1. **FORCIBLE ENTRY AND DETAINER—Jurisdiction.** Under the laws extended in force in the state upon its admission by section 2 of the Schedule of the Constitution, justices of the peace have jurisdiction of forcible entry and unlawful detainer actions.

2. **SAME—Notice to Vacate—Service.** Notice to vacate and service thereof examined and held to be a complete compliance with the requirements of the statute.

3. **SAME—Who May Maintain—Right of Posession.** The action of forcible entry and detainer is possessory in its nature, and has for its purpose the restitution of possession of lands and tenements to one who has been deprived of such possession by force. The right to maintain the action is not determined by plaintiff's right of possession, but by whether he has been in possession, and such possession has been taken from him by force, and, unless otherwise · provided by statute, a person who has never been in possession of lands cannot maintain the action.

4. **SAME.** A person out of possession, but who has the right of possession, may maintain an unlawful detainer action against one in possession, who holds without color of title.
   (a) But in such case the right of possession alone is essential to his right to maintain the action.

5. **SAME—Title to Lands.** A justice court, in an unlawful detainer action, cannot determine which of the parties has the right of possession by determining who, in fact, at the time of the trial has the leasehold estate in the lands in controversy.

6. **SAME—Question at Issue.** The question to be determined in an unlawful detainer action is whether or not defendant has unlawfully and by force withheld possession from the plaintiff.

7. **APPEAL AND ERROR—Dismissal—Case-Made—Evidence.** A motion to dismiss an appeal on the ground that the case-made contains no averment by way of recital, that it embodies all the evidence introduced at the trial, will be denied, where the case-made contains a stipulation, signed by both parties, that "the foregoing case-made contains a full, true, correct, and complete copy and transcript of all the proceedings had in said cause, including all pleadings filed, all the evidence offered and introduced," etc.

(Syllabus by Robertson, C.)

*Error from County Court, Okfuskee County;*
*W. A. Huser, Judge.*

Action by John Bastable against Charles Northcutt and Dallas A. Evans. Judgment for plaintiff, and defendants bring error. Reversed.

*Huddleston & Hockensmith,* for plaintiffs in error.

*C. B. Conner,* for defendant in error.

Opinion by ROBERTSON, C. This action was originally commenced before W. J. Lawrence, justice of the peace in and for Okfuskee county, by John Bastable against Chas. F. Northcutt and Dallas A. Evans to recover possession of a certain tract of land situated in said county; judgment was for the plaintiff in the justice court, and this judgment was affirmed on appeal to the county court. The defendants, feeling aggrieved, bring error, and rely for a reversal upon three specifications of error, viz.: (1) The court had no jurisdiction of the subject-matter. (2) That no sufficient notice was given by the plaintiff to the defendants before the commencement of the suit. (3) Error of the court in giving a peremptory instruction to the jury requiring it to return a verdict in favor of plaintiff and against the defendants.

The objection to the jurisdiction of the court was raised by demurrer, and the same was, in our opinion, properly overruled. The only contention on the part of the defendants is that the consideration of this action involves the title to real estate. Forcible entry and detainer or forcible entry and unlawful detainer is a proceeding at law, and the right of possession is the sole question involved. The statute gives exclusive jurisdiction of such actions to the justice of the peace courts, and no other court, except the county court and the superior court, on appeal, has any jurisdiction in such suits. *McDonald v. Stiles,* 7 Okla. 327, 54 Pac. 487. A justice of the peace has original jurisdiction to hear and determine actions of forcible detainer. *Hibbard v. Craycraft,* 32 Okla. 160, 121 Pac. 198. The county court has no original jurisdiction of an action of forcible entry and detainer. *Crump v. Pitchford,* 24 Okla. 808, 104 Pac. 911.

Under the laws extended in force in the state upon its admission by section 2 of the Schedule to the Constitution, jus-

tices of the peace have jurisdiction of forcible entry and detainer actions. *Welchi v. Johnson,* 27 Okla. 518, 112 Pac. 989. An action of forcible entry and detainer cannot be converted into an action to try the question of title to the premises by an answer putting such title in issue. *Hackney v. McKee,* 12 Okla. 401, 75 Pac. 535. See, also, sections 5504 and 5505, Rev. Laws 1910.

The action is purely possessory in its nature, being designed to provide a speedy and adequate remedy for the recovery of the possession of real estate, and it was competent for the lawmaking power to confer jurisdiction to hear and determine the same on the justice of the peace courts, and the action in its true meaning cannot be defeated nor the jurisdiction of the court affected by injecting by answer, or otherwise, questions concerning the title of real estate. The complaint is not drawn so as to meet the technical requirements of the statute (section 5508, Rev. Laws 1910) ; but, in the absence of a motion to make the same more definite and certain as to the facts constituting an unlawful detention, it will be deemed good as against a general demurrer, and the court committed no error in so holding.

It is next urged that no sufficient notice to vacate the premises was given by the plaintiff to the defendants before the commencement of the suit. This assignment is frivolous, and purely technical, and wholly without merit.

Attached to the complaint was the following exhibit:

"State of Oklahoma, County of Okfuskee. To Charles F. Northcutt and Dallas A. Evans: You and each of you are hereby notified to vacate, quit, and leave the following described property, to. wit: The S. E. 1/4 of Sec. 3, Twp. 13 North, of Range 8 East, of the I. B. & M., in Okfuskee county, which said lands are now wrongfully held by you. That in the event of your failure to so leave, vacate, and quit the property described and deliver possession thereof to the undersigned, who is entitled to the possession thereof, suit will be filed against you after the expiration of three days from the service of this notice on you for possession of said lands. Of all of which you will take due notice and govern yourself accordingly. Witness my hand this the 11th day of Jan., 1911. John Bastable."

"State of Oklahoma, County of Okfuskee. George W. Self, of lawful age, being first duly sworn on his oath, says that he served a true copy of the above notice on the above-named parties by delivering a true copy thereof to each of the said parties on the 11th day of Jan., 1911. Geo. W. Self.

"Subscribed and sworn to before me this the 14th day of Jan., 1911. Gilbert Wood, Notary Public. My commission expires Jan. 12, 1912. [Notary's Seal.]"

At the trial George W. Self, a witness for plaintiff, testified as follows:

"Q. Did you serve notice on Mr. Evans and Northcutt to quit this land? A. Yes, sir. Q. I will ask you to examine that paper and state if that is a copy of the notice you served. A. Yes, sir; I served a true copy of this on Northcutt and Evans to quit and vacate the within-named piece of property on the 11th day of January, 1911. Q. Is that your signature? A. Yes, sir. Q. How did you serve it? A. By going to their house and reading a true copy and handing them a copy of the same."

At page 31 of the record the following statement appears: "Notice to quit will be considered read to the jury." At page 39 of the record Mr. Northcutt, one of the defendants, admitted service of notice as follows: "Q. Did you receive notice from Mr. Bastable to vacate the premises, served by Mr. Self? A. Yes, sir." At page 40 of the record appears the following agreement between counsel for plaintiff and the other defendant, Dallas A. Evans, to wit: " * * * That he received the notice from plaintiff to vacate said premises." The above certainly is sufficient showing of proof of service of notice to vacate, and is a complete compliance with the requirements of the statute in that behalf.

The next assignment of error presents a more serious question. At the trial the plaintiff offered in evidence, and the same was admitted by the court, certain agricultural leases between himself and Leah Billy, *nee* Taylor, the allottee, covering the land in question, one for the surplus, the other for the homestead, portion of her allotment. These leases were executed October 1, 1910, and purported to convey a leasehold estate in said premises for a period of five years; the term beginning on the 1st day of January, 1911. The leases were recorded on

October 8, 1910, in the office of the register of deeds of Ok-
fuskee county. Objection was made by the defendants to the
introduction of these leases on the ground that the court had
no jurisdiction to hear and determine the action, for that title
to real estate was involved. This objection was overruled with
exceptions to the defendants. The defendants, in order to de-
feat the claims of the plaintiff to the possession of the premises,
offered in evidence an agricultural lease covering the same land,
executed by Leah Taylor, the allottee, dated January 13, 1906,
whereby she purported to lease the land in controversy to Chris-
topher C. Davis for a period of five years. This lease was also
recorded, and was admitted in evidence by the court. The de-
fendants also offered in evidence an agricultural lease dated
December 21, 1910, between Leah Billy, *nee* Taylor, the allottee,
and Christopher C. Davis, whereby she purported to lease the
said surplus portion of her allotment to the said Christopher C.
Davis for a period of five years from December 21, 1910. Also
one of the same date between the same parties covering the home-
stead portion of the land in controversy for a period of one
year from December 21, 1910. To the introduction of the two
last leases the plaintiff objected, which objection was sustained
by the court over the exceptions of the defendants.

It was also shown in evidence by the testimony of Mr.
Davis, the lessee named in the three last-named leases, that, at
the time of the commencement of this action in the justice of
the peace court, the defendants, Northcutt and Evans, were in
possession of the land, as his tenants, by a verbal contract of
lease for a period of one year, and that said term began from
the date of their entry thereon, to wit, two weeks before Christ-
mas, 1910; this suit was not commenced until January 11, 1911.
No contractual relation existed between the plaintiff and the
defendants, nor does the plaintiff claim to be their landlord,
or that they are his tenants; on the contrary, it appears that the
relation of landlord and tenant existed between the defendants
and their lessor, Christopher C. Davis, and that they have not
recognized any other landlord, nor is it claimed by the allottee
or the plaintiff that the relation of landlord and tenant exists

between them, or either of them, and said defendants. Plaintiff's leases contain a recital to the effect that they are given subject to the Davis lease, first above referred to, but allude to its termination as January 1, 1911, whereas the said lease expired January 13, 1911.

At the close of the testimony, the plaintiff moved the court for a peremptory instruction in his behalf, which motion was sustained, whereupon the jury returned a verdict in his favor for the restitution of the land in controversy.

Under these facts can Bastable, the plaintiff below, maintain this action? We think not. In *Link v. Schlegel*, 33 Okla. 459, 126 Pac. 576, it was said by this court:

"The action of forcible entry and detainer is possessory in its nature, and has for its purpose the restitution of possession of lands and tenements to one who has been deprived of such possession by force. The right to maintain the action is not determined by plaintiff's right of possession, but by whether he has been in possession, and such possession has been taken from him by force, and, unless otherwise provided by statute, a person who has never been in possession of lands cannot maintain the action."

See, also, 19 Cyc. pp. 1115, 1128.

Section 5504, Rev. Laws 1910, reads as follows:

"Any justice, within his proper county shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceable entry into land or tenements, unlawfully and by force hold the same, and if it be found, upon such inquiry, that an unlawful and forcible entry has been made, and that the same lands and tenements are held unlawfully, then said justice shall cause the party complaining to have restitution thereof."

A consideration of the provisions of the foregoing section convinces us that the action therein referred to has for its object the restoration of the possession of lands to one who has been deprived of the same by an unlawful and forcible entry and detainer, or by an unlawful and forcible detention after a lawful and peaceable entry, and, as is pointed out in *Link v.*

*Schlegel, supra,* "the possession of the complaining person must have been entered either lawfully or unlawfully and, in the second case, held by force." In the case at bar neither of these conditions exists. The plaintiff has not been deprived of his possession, because he never was in possession; the defendants entered lawfully, and, so far as we are able to ascertain from the record, are still lawfully in possession. Their landlord, Davis, was in possession at the time plaintiff's lease was executed in October, 1910, and claimed, and, so far as we are able to say, is entitled to possession under his former (1906) lease until January 13, 1911. The leases of plaintiff, upon which he relies for possession, on their face recite that they were given subject to the Davis lease; the only discrepancy being that in plaintiff's leases the reference to the date of expiration of the Davis leases is fixed at January 1, 1911, whereas the original Davis lease, as introduced in evidence, shows its termination to be January 13, 1911, five years after the date of its execution.

Section 5505, Rev. Laws 1910, provides that the action of forcible detainer may, in some instances, be brought by one who has never been in possession, as witness the following clause, " *   *   *   and in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which the complainant has the right of possession." Thus, if the defendants are occupying the premises without color of title, such an action might be maintained. But the right of possession alone is essential to his right to maintain the action. *Price v. Olds,* 9 Kan. 66.

Defendants objected to the introduction of plaintiff's lease, on the ground that the same was void in that it purported to convey the right of use and possession for a longer period than authorized by law, and whether this be true or not we cannot determine, under the state of the record.

In order for plaintiff to recover under the facts of this case, the court below must have adjudicated the right of the parties under these various leases. This, in fact, in effect was partially done by the overruling of defendants' objection to the introduction in evidence of plaintiff's leases, and by the refusal of the

court to permit the introduction in evidence of defendants' Exhibits A and E; the validity of defendants' lease from Davis for a year, made on or about December 21, 1910, must also of necessity have been considered and determined. Davis, from the undisputed evidence, is claiming under color of title, and the amount and value of his leasehold interest was a matter the trial court was bound to consider, and which, by the exclusion of the testimony above alluded to, evidently was considered. This evidence was perhaps considered for the purpose of determining plaintiff's right to possession, and yet, under the provisions of sections 5504 and 5505, *supra,* and the facts of this case, he was not entitled to maintain this action. This evidence was erroneously considered for the ostensible purpose of determining the right of possession, yet by so doing the rights of the parties under the leases were adjudicated.

"What the court is asked to do in this action is to determine, not only whether plaintiff in error has unlawfully and by force withheld possession from defendant in error, but also to determine which of the two parties has the right of possession by determining who in fact at the present time has the leasehold estate in the lands in controversy." (*Link v. Schlegel, supra.*) ·

This the lower court could not do.

There was an objection, on the part of defendant in error, to the consideration of this appeal for that no compliance had been made by plaintiffs, in the preparation of their brief, with the requirements of rule 25 of this court (20 Okla. xii, 95 Pac. viii). This complaint is justified in a measure; but the defect is not of such magnitude to warrant a dismissal. There was also a motion to dismiss the appeal for that the case-made contained no averment by way of recital that it contained all the evidence introduced at the trial. This motion would have been sustained but for the fact that on page 52 of the case-made is a stipulation signed by counsel for both parties that "the foregoing case-made contains a full, true, correct, and complete copy and transcript of all the proceedings had in said cause, including all pleadings filed, *all the evidence offered and introduced.*

\* \* \* " This stipulation cures the defect complained of so far as this case is concerned, and estops defendant in error to urge further consideration thereof.

For the foregoing reasons, the judgment should be reversed.

By the Court: It is so ordered.