### BALL v. DANCER et al.

No. 3212.    Opinion Filed September 15, 1914.

On Rehearing, October 20, 1914.

(143 Pac. 855.)

1.    **EVIDENCE—Judicial Notice—Indians.**    This court does not take judicial knowledge of the quantity of Indian blood a party before it may have.

### ON REHEARING.

2.    **FORCIBLE ENTRY AND DETAINER—Nature of Action— Right of Action—Possession—"Action of Forcible Entry and Detainer."**    The "action of forcible entry and detainer" is possessory in its nature and has for its purpose the restitution of the possession of lands and tenements to one who has been deprived of such possession by force. The right to maintain the action is not determined by plaintiff's right of possession, but by whether he has been in possession, and such possession has been taken from him by force.

(Syllabus by Brewer, C.)

*Error from County Court, Choctaw County;*

*W. T. Glenn, Judge.*

Action of forcible entry and detainer by T. E. Ball against Mart Dancer and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*I. L. Stanage,* for plaintiff in error.

*B. D. Jordan,* for defendants in error.

Opinion by BREWER, C. This is an ordinary action in forcible entry and detainer, brought in a justice of the peace court in Choctaw county, and taken from there on appeal to the county court, where a demurrer was sustained to plaintiff's evidence and judgment rendered for the defendants. From this decision this appeal is taken by case-made properly certified.

At the trial the plaintiff, to sustain his claim of a right of possession of the premises, produced evidence which shows that in November, 1909, he obtained two separate written leases from one Davenworth Bacon to the land in controversy; the first lease to cover a period from January 1, 1910, to January 1, 1911, and the second, the period from January 1, 1911, to December 31, 1911. Plaintiff was the only witness who testified, and at the conclusion of his evidence the attorney for the defendants presented his demurrer to the evidence in the following language:

"If the court please, I want to renew my demurrer on the ground that a full-blood Indian cannot lease his homestead for more than one year, and ask for peremptory instructions for the defendant."

The court replied: "I will sustain your motion and direct a verdict for the defendant." To this ruling of the court the plaintiff was allowed exceptions.

It is not necessary to consider whether or not a full-blood Indian could lease his homestead for a period of two years, simply by executing at the same time a different instrument for each of the years, for the reason that in the entire record before us there is not a word in the pleading, or the evidence, that would even suggest that the party who leased the land was a full-blood Indian, or, indeed, any other kind of an Indian. The only suggestion that

such is the fact is the motion made by defendant at the close of plaintiff's testimony. It is scarcely necessary, we take it, to say that this court cannot take judicial knowledge of whether or not a party before the court is a full-blood Indian or not. It may be true that the attorney and the court knew this man personally and believed him to be a full-blood Indian; but, to rely upon the fact that he was such, it was necessary to introduce and prove the same.

The cause should be reversed and remanded for further proceedings.

### ON REHEARING.

It is alleged, in the petition for rehearing in this case, that while there was no oral proof offered concerning the blood of the Indian lessor, nor was the same mentioned in the pleadings, yet that in a lease offered in evidence and attached as an exhibit, it does appear that Davenworth Bacon was a three-fourths blood Indian, and that this evidence would therefore be justification for the action of the trial court in directing a verdict for the defendants. Upon an examination of the document referred to we find that in the body of the lease, after describing the land by quarter, section, township, and range, it is said:

"Known and designated as the homestead allotment of Davenworth Bacon, a three-fourths blood Choctaw Indian."

In naming the parties to the lease, there is no mention made as to Bacon's having any Indian blood at all, and the clause wherein it is mentioned would appear to be merely descriptive of the land or place involved, rather than of the party making the lease, and it is very doubtful whether this small item of evidence, brought into the case as it was, would justify a finding of the blood of the lessor as a basis for invalidating the lease in question; but be that as it may, and passing it by without decision, we think the court was in error in directing a verdict as was done.

This, it will be remembered, is a suit brought in a justice of the peace court for "forcible entry and detainer." Where forci-

ble taking or detention is relied upon, even the question of a right to the possession is not involved. The gist of the action is the forcible and wrongful taking or withholding of the premises. A justice of the peace court is clothed with jurisdiction in this class of cases, but it has no right to try the title to land. The issue the county court was called upon to try in a trial *de novo* upon appeal was not whether Ball had a valid lease or was entitled to the possession because of that fact, but rather was it, Had Ball been in possession of these premises, and was the possession of same taken from him or withheld from him by force? In the case of *Northcutt v. Bastable,* 39 Okla. 124, 134 Pac. 423, it is said in the third subdivision of the syllabus:

"The action of forcible entry and detainer is possessory in its nature, and has for its purpose the restitution of possession of lands and tenements to one who has been deprived of such possession by force. The right to maintain the action is not determined by plaintiff's right of possession, but by whether he has been in possession, and such possession has been taken from him by force."

A person may be in possession of land under an invalid deed or lease, but where his possession has been peacefully taken, another person is not justified in forcibly taking the land away from him, or in finding him absent, going in and forcibly withholding possession from him. The law affords ample remedy for the person holding title by going into court, in an appropriate action, in an orderly way and obtaining the possession of the land belonging to him. Such owner is never justified in taking the law into his own hands, and obtaining a possession forcibly which the courts having jurisdiction in an appropriate action would give to him peaceably.

There was some evidence in this case that the plaintiff had paid money for the use of the land for the year in controversy, and probably cleared, or had some of it cleared, and put into cultivation, had been in possession the year before, through hired help and tenants, and that about the first of the year, while sick, the defendants took possession of the lands and locked the gates

and withheld the same by force.  Whether or not there was an unlawful and forcible taking or withholding of the possession, under the evidence, should have been submitted to the jury, and we still believe that the case should be reversed, as was ordered in the former opinion.

By the Court:  It is so ordered.