## GROSS v. BAKER.

No. 4162.   Opinion Filed May 4, 1915.

(148 Pac. 734.)

1.  **FORCIBLE ENTRY AND DETAINER—Evidence—Muniments of Title.** In an action of forcible entry and detainer deeds and other muniments of title may be offered in evidence for the purpose of showing the character of a party's entry and possession, and to uphold the possession when once peaceably obtained.

2.  **FORCIBLE ENTRY AND DETAINER—Right of Action—Possession.** Under the statutes of this state, in the absence of the relation of landlord and tenant, a person who has never been in possession of the premises in controversy cannot maintain an action of forcible entry and detainer against one in possession under color of title.

3.  **JUSTICES OF THE PEACE—Appeal—Jurisdiction—Ownership of Leasehold Estate.** In an action of forcible entry and detainer, where the relation of landlord and tenant does not exist between the parties to the action, and both plaintiff and defendant are claiming possession of the premises in controversy under leases and rental contracts with the owner, the justice court, in the first instance, and the county court upon appeal, is without jurisdiction to determine who in fact is the rightful owner of the leasehold estate in the premises.

(Syllabus by the Court.)

*Error from County Court, Seminole County;*
*T. S. Cobb, Judge.*

Action by A. O. Baker against M. D. Gross. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. A. Baker,* for plaintiff in error.

*Crump, Fowler & Skinner,* for defendant in error.

HARDY, J. Defendant in error commenced an action of forcible entry and detainer in the justice court of Seminole county on the 15th day of January, 1912, against plaintiff in error, for the possession of certain lands, alleging that on the 2d day of December, 1911, one Charley, who was the owner of said lands, demised and leased same to plaintiff for a term commencing on the 1st day of January, 1912, and that defendant, although his right to possession of the lands ended on the 1st day of January, 1912, retained possession of same unlawfully and by force, and refused to surrender or deliver possession thereof to plaintiff, and that notice to vacate was given as required by law. Defendant filed a general denial, and trial was had before the justice of the peace, where plaintiff recovered judgment, and the cause was appealed to the county court; and on the 3d day of June, 1912, was tried. Plaintiff's evidence disclosed that the lands involved were the allotment of said Charley, and that he was the owner at the time of the trial, and that plaintiff claimed right to possession by virtue of two lease contracts, which were introduced in evidence over the objections of defendant. Plaintiff also introduced a lease contract between said Charley and defendant, Gross, which had expired prior to the commencement of this action, and made proof that prior to the institution of the suit notice was served on defendant, Gross, to vacate. The defendant demurred to this evidence, and was overruled by the court, and thereupon the defendant offered in evidence an instrument denominated "lease contract," bearing date of the 11th day of December, 1908, which purported to be a lease for five

years, but contained conditions which indicated that it was a contract of sale. He further testified that on December 22, 1911, said Charley gave to defendant a receipt for $40, being a part of the rent for the year 1912, showing a balance of $60 due and unpaid, and by this receipt expressly ratified and confirmed the lease contract above referred to, which evidence was afterward excluded. Defendant also offered in evidence lease contract bearing date of November 6, 1909, by which said Charley leased to said defendant a portion of said lands for five years, which was excluded upon the objection of counsel for plaintiff. Defendant also offered to prove that, in addition to his two lease contracts aforesaid, he had a deed dated about January 2, 1909, from said Charley to the surplus lands involved, and another deed dated November 1, 1911, to his homestead, and that at the time plaintiff's lease was taken, to-wit, December 2, 1911, defendant was in possession under both of these deeds, as well as his two leases above set out. He also offered to prove that on December 9, 1911, Charley filed against him in the district court of Seminole county a petition to recover possession of the lands, and to cancel the deeds given by him to defendant, and that this suit was settled by the parties on December 22, 1911, and that Gross made to Charley a quit-claim deed to all of said lands, a copy of which was admitted in evidence, and Charley agreed to a dismissal of the suit. The deed from Gross to Charley was introduced in evidence by plaintiff, and the defendant sought to introduce the record in the suit mentioned, to explain the execution of said deed, but, upon objection by plaintiff's counsel, the same was excluded, and the order of dismissal which contained the terms of settlement was also excluded. The court thereupon instructed the jury to return a verdict for plaintiff for possession of the land in controversy. Motion for a new trial was filed and overruled, and plaintiff in error duly filed a petition in error in this court, with case-

made attached, and seeks to have the action of the trial court reversed for the errors alleged in his petition.

The evidence of plaintiff showed that on the 2d day of December, 1911, the allottee executed to the plaintiff, Baker, a lease contract on said premises, and that this lease contract from Charley to Baker was the foundation of plaintiff's claim to possession of the premises, and constituted his only evidence of right thereto. The evidence offered tended to prove that defendant had entered into peaceable possession of the lands in controversy more than five years prior to the trial of the cause, and that he was in possession at the time of the trial, and claiming the right thereto by virtue of the various instruments hereinbefore set out, and that some time during December, 1911, litigation was started by the allottee, Charley, to recover possession of said lands, and to cancel the deeds held by defendant to the premises, and that this litigation was compromised between Charley and Gross, whereby Gross executed to the allottee, Charley, a quit-claim deed to the premises, and both parties ratified the lease dated December 11, 1908, Gross paying $40 rent thereon for 1912, and leaving a balance due of $60.

The alleged error of the court in excluding the evidence offered is properly presented in the record before us. We think the evidence was admissible, not for the purpose of proving title in defendant, for the court had no jurisdiction in an action of this kind to try such an issue (*Link v. Schlegel*, 33 Okla. 458, 126 Pac. 576; *Zahn v. Obert*, 24 Okla. 159, 103 Pac. 702; *Bilby v. Stuart*, 39 Okla. 451, 136 Pac. 931; *Howard et al. v. Davis*, 40 Okla. 86, 136 Pac. 401; *Northcutt et al. v. Bastable*, 39 Okla. 124, 134 Pac. 423; *Ball v. Dancer et al.*, 44 Okla. 114, 143 Pac. 855), but the evidence was properly admissible for the purpose of showing the nature of defendant's entry and possession, and to uphold that possession when once

peaceably and lawfully obtained *(Howard et al. v. Davis, supra)*. Under our statutes an action for forcible entry and detainer is possessory in its nature, and has for its purpose the restitution of possession of lands and tenements to one who has been deprived of such possession by force. The right to maintain the action is not determined by plaintiff's right of possession, except in certain instances specifically authorized by statute, but by whether he has been in possession, and such possession has been taken from him by force, and, unless otherwise provided by statute, a person who has never been in possession of lands cannot maintain the action. *Link v. Schlegel, supra; Northcutt et al. v. Bastable, supra.*

Section 5509, Rev. Laws 1910, provides that the action of forcible entry and detainer may in some instances be brought by one who has never been in possession, and under that section a person out of possession who has the right to the possession of premises may maintain an action of unlawful detainer against the party in possession who withholds the same from plaintiff without color of title. *Northcutt et al. v. Bastable, supra.*

Under the foregoing evidence can Baker, plaintiff herein, maintain this action? In order for plaintiff to recover, it was necessary for the court to determine the respective rights of the parties under their different leases, and to determine who, in fact, had the leasehold estate in said premises. This the court, in effect, decided in passing upon the objection to the introduction of defendant's testimony, where he evidently held defendant's deeds and leases and receipt for rent to be void, and therefore not admissible in evidence; and also determined plaintiff's leases to be valid, and plaintiff's rights thereunder superior to the rights of defendant, by instructing a verdict for plaintiff for possession of the property sued for. It has already been seen that the court, in an action of

this kind, is without jurisdiction to determine the title of the respective parties to the premises, but may receive evidence thereof for the purpose of determining the nature of defendant's possession and of plaintiff's right to possession of the premises, and, if it should be made to appear, as defendant's evidence which was excluded tended to prove, that the defendant entered peaceably under claim of right, and retained possession under certain leases, deeds, and rental contracts made with the owner of the land, and that plaintiff's right to the possession does no grow out of the relation of landlord and tenant between plaintiff and defendant, but is founded upon lease contracts with the allottee under which he has never been in possession, and to which the defendant in the case is not privy, we think here would be presented a case under the facts of which the plaintiff could not maintain his suit, because it would become necessary for the court in the decision of the case to determine the validity of the respective leases and rental contracts of the parties, and to determine who was the rightful owner of the leasehold estate in the premises at the time of the trial. This the court could not do in this action. *Link v. Schlegel, supra; Northcutt et al. v. Bastable, supra; Ball v. Dancer, supra.*

There are other questions presented in the briefs, but, as we think the foregoing principles are decisive of the appeal, we will not determine them.

The verdict and judgment appealed from is reversed, and the cause remanded for further proceedings in accord with this opinion.

All the Justices concur.