### CHICAGO, R. I. & P. R. CO. v. HALL.

No. 7662.   Opinion Filed August 8, 1916.

Rehearing Denied September 13, 1916.

(159 Pac. 851.)

**1. Master and Servant—Termination of Relation—Service Letter.**

Any employe of a public service corporation doing business in this state, upon his discharge or the voluntary termination of his services, is entitled, under the provisions of section 3769, Rev. Laws 1910, and upon his request therefor, to have issued to him a service letter.

**2. Same.**

Before a public service corporation will be guilty of any breach of duty in failing to issue a service letter, the request for such service letter must be made by such employe, either orally or in writing, served personally or by mail, upon the superintendent, manager, or contractor of such corporation.

(Syllabus by Edwards, C.)

Error from District Court, Pottawatomie County; Charles B. Wilson, Jr., Judge.

Action by Tom Hall against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

R. J. Roberts, C. O. Blake, W. H. Moore, K. W. Shartel, and Edward Howell, for plaintiff in error.

Linebaugh & Pinson, for defendant in error.

Opinion by EDWARDS, C. This is a suit by Tom Hall against the Chicago, Rock Island & Pacific Railway Company, upon three causes of action, the third of which only is involved in this appeal. That count of the petition setting up said third cause of action alleges the residence and employment of plaintiff as section foreman by the defendant railway company until August 7, 1912, at which time, it is alleged, he was discharged. It is then alleged:

"That although duly requested by plaintiff of some person in the offices of the defendant at McAlester, Okla., whose name is to this plaintiff unknown, on or about the 10th day of August, 1912, the said defendant company has failed and refused, and still fails and refuses, to issue to this plaintiff, its employe discharged as aforesaid, any letter, setting forth the nature of the said plaintiff's service to the said corporation, and the duration thereof, and truly stating the cause for which the plaintiff was discharged from the said employment, though in duty bound so to do, under the laws of the state of Oklahoma."

Then follow general allegations of damages and prayer for judgment. In answer to said count, the defendant pleads: First, a general denial; second, that a service letter was issued and delivered to plaintiff on August 7, 1913, and setting out a copy thereof. Upon the trial, the plaintiff testified in regard to the request for a service letter, as follows:

"Q. Well, did you resign from the service, or were you dismissed from the service? A. I resigned. Q. You resigned from the service? A. I resigned on the 2d day of August. Q. You may state whether after you terminated your services with the railroad you requested a letter from the railroad company known as a 'service letter.'

"Mr. Roberts: Object to that, if the court please, as not being definite enough to bring it within the allegations of the petition; the allegations are specific in the petition, and would like to have it restricted to the allegations.

"The Court: Objection overruled.

"Mr. Roberts: To which ruling the defendant excepts.

"A. Yes, sir, I requested a service letter. Q. Did you get it? A. No, sir. Q. Did you ever get a service letter? A. I received one one year after the time I requested it."

The plaintiff also testified, in substance, that after he had ceased to be in the employ of the plaintiff in error, he was unable to again get work at his occupation of section

foreman, and was compelled to take up the work of coal mining. At the close of the trial, plaintiff in error requested an instruction in these words:

"(6) Requested by defendant. You are instructed that before a recovery can be had on the third cause of action as stated in plaintiff's petition as amended, he must show a demand on the superintendent, or some managing officer, for said service letter, furnishing a sheet of paper without water mark, or waiving such right to furnish such paper, and a failure to furnish such service letter within a reasonable time thereafter, and pecuniary damages resulting to him from such failure"

—which was refused, and, in lieu thereof, the court gave instruction No. 10, as follows:

"(10) If you find from a preponderance of the evidence in this case that, upon leaving the employment of the defendant company the plaintiff herein, Tom Hall, went to the office of defendant company in McAlester, Okla., and demanded of the superintendent or manager thereof, or some one in such office having the authority to issue such letter for the superintendent or manager, that he be given a letter, setting forth the nature of the services rendered by such employe to the defendant company during his employment thereby and the duration thereof, and truly stating the occasion for which such employe was discharged from or quit such service, and that such superintendent or manager of said company at the offices of said company in the city of McAlester, or one of his subordinates having such authority willfully failed, refused, and neglected to give the plaintiff such letter, your verdict should be for the plaintiff, and you should assess his damages in such an amount as you find, from the evidence, will compensate him for all detriment proximately caused him by such refusal, whether it could have been anticipated or not, not, however, in excess of the sum of $1,000, the amount sued for."

The statute providing for the issuance of a service letter to employes is found in section 3769, Rev. Laws 1910, as follows:

"Whenever any employe of any public service corporation or of a contractor, who works for such corporation, doing business in this state, shall be discharged or voluntarily quits the service of such employe, it shall be the duty of the superintendent or manager, or contractor, upon request of such employe, to issue to such employe a letter setting forth the nature of the service rendered by such employe to such corporation or contractor and the duration thereof, and truly stating the cause for which such employe was discharged from or quit such service; and, if any such superintendent, manager or contractor shall fail or refuse to issue such letter to such employe, when so requested, or shall willfully or negligently refuse or fail to state the facts correctly, such superintend-

ent, manager or contractor shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than one hundred dollars and not more than five hundred dollars, and by imprisonment in the county jail for a period of not less than one month and not exceeding one year. Provided, that such letter shall be written, in its entirety, upon a plain sheet of white paper to be selected by such employe. No printed blank shall be used, and if such letter be written upon a typewriter, it shall be signed with pen and black ink and immediately beneath such signature shall be affixed the official stamp, or seal, of said superintendent, manager or other officer of such corporation or contractor, in an upright position. There shall be no figures, words or letters used, upon such piece of paper, except such as are plainly essential, either in the date line, address, the body of the letter or the signature and seal or stamp thereafter, and no such letter shall have any picture, imprint, character, design, device, impression or mark, either in the body thereof or upon the face or back thereof, and any person of whom such letter is required who fails to comply with the foregoing requirements shall be liable to the penalties above prescribed."

The brief of plaintiff in error is directed mainly to the question of the constitutionality of section 3769, it being insisted that this section is in contravention of the Fourteenth Amendment to the federal Constitution, and also in contravention of section 22, art. 2, Constitution of this state. On principle, the argument against the constitutionality of this act does not appeal to us, but, as we view the record, a decision of this cause will not require a determination of that question.

The testimony of the plaintiff, above quoted, is the only testimony in any manner touching upon a request for a service letter. The act requiring the issuance of such service letter, it will be observed, designates the particular officer by whom it shall be issued, and specifies that it shall be issued upon the request of the employe entitled thereto. The allegation of the petition as to the request is that a request was made upon some person in the office of the defendant, at McAlester, Okla., whose name is to the plaintiff unknown. The testimony of plaintiff below is that he demanded a service letter of the railroad company. There is no evidence as to the form of the request made nor the person upon whom it was made, nor the capacity, if any, in which such person was employed, and no evidence that such request was ever brought to the knowledge of the superintendent or manager or person authorized by the statute to issue such service letter. Under

the evidence here relied upon the request might have been made upon any subordinate employe, an office boy, or janitor, and the fact that such request had been made never has been brought to the knowledge of the person authorized to issue a service letter. It is true that the court, in instruction No. 10, instructed the jury that they must find that the request was made upon the superintendent, manager, or some one in such office, having authority to issue such letter for the superintendent or manager, but there is no evidence whatever upon which the jury could have made such finding.

This statute is highly penal in its character, and, in order to fix a liability, should be strictly complied with by the person seeking its benefits. The duty laid upon the superintendent, manager, or contractor is not to issue the service letter, but to issue the service letter upon the request of the employe. Unless requested, the duty to issue such service letter does not arise, and, since before such duty is incumbent upon the superintendent, manager, or contractor a request must be made, then, obviously such request must be made upon the person or officer upon whom the duty devolves. The manner in which the request should be made not being specified by the statute, we believe the same might be made orally or in writing, served personally or by mail. As the petition alleges no request as contemplated by the law, and as the proof shows none such to have been made, such allegation and proof are insufficient to meet the requirements of the law.

The cause is reversed, with instructions to the lower court to proceed in accordance with this opinion.

By the Court: It is so ordered.