## BROWN et al. v. MAYHALL.

No. 4757. Opinion Filed May 1, 1917.

(164 Pac. 973.)

(Syllabus by the Court.)

1. **Forcible Entry and Detainer—Nature of Action—Right of Action.**

The action of forcible entry and detainer is possessory in its nature, and has for its purpose the restitution of possession of lands and tenements to one who has been deprived of such possession by force. The right to maintain the action is not determined by plaintiff's right of possession, but by whether he has been in possession, and such possession has been taken from him by force, and, unless otherwise provided by statute, a person who has never been in possession of lands cannot maintain the action.

2. **Same.**

Under the statutes of this state, in the absence of the relation of landlord and tenant, a person who has never been in possession of the premises in controversy cannot maintain an action of forcible entry and detainer against one in possession under color of title.

Error from County Court, McCurtain County; E. E. Cochran, Judge.

Action of forcible entry and detainer by F. M. Mayhall against Catherine Brown and Davis Brown. From a judgment of the county court, on appeal from a judgment in justice court for plaintiff, directing a verdict for plaintiff, defendants bring error. Reversed and remanded, with directions.

R. C. Martin and N. W. Gore, for plaintiffs in error.

I. C. Sprague, for defendant in error.

RAINEY, J. This is a forcible entry and detainer action, instituted originally by the defendant in error in a justice court of Mc-

Curtain county, Okla. One Mayhall obtained judgment in said court from which the defendants, Catherine Brown and Davis Brown, appealed to the county court of said county. At the trial there evidence was introduced in behalf of the plaintiff and defendants, whereupon the court directed a verdict for the plaintiff. The plaintiffs in error (defendants below) bring the case here. After the defendant in error had filed a motion to dismiss the appeal, by leave of court plaintiffs in error were permitted to and did withdraw the case-made for correction, and later refiled the corrected case-made in this court. Thereafter defendant in error filed a supplemental motion to dismiss the appeal. The alleged grounds for dismissal as stated in the original and supplemental motions were principally predicated upon defects in the case-made. Since these defects have been corrected, and finding no merit in the other alleged grounds for dismissal, we are of the opinion that the original and supplemental motions to dismiss should be and the same are hereby overruled.

The material facts in this case are as follows: Catherine Brown, a Choctaw freedman, was the allottee of the land in controversy, and she and her husband, Davis Brown, were residing on and claiming title to said land at the time of the institution of the suit in the justice court. In fact, they had been in continuous possession of the premises for over 20 years. The plaintiff, Mayhall, purchased the land from one L. E. Williams. the wife of R. D. Williams. The land had been conveyed to Mrs. L. E. Williams by W. J. Hill and B. B. Williams. B. B. Williams was the wife of Pete Williams. There was admitted in evidence a deed from Catherine Brown and Davis Brown to W. J. Hill and B. B. Williams, which said deed the old negroes claimed W. J. Hill and Pete Williams procured from them by false and fraudulent representations. The undisputed evidence discloses that the plaintiff, Mayhall, had never been in possession of the land in controversy, and had never taken the rents and profits therefrom. The relation of landlord and tenant had never existed between Mayhall, or any person in his chain of title, and the Browns, who were holding the premises adversely to all the world. Mayhall was not entitled to judgment, and the court erred in directing a verdict in his favor. Why?

The case at bar is governed by the decisions of this court in the cases of Link v. Schlegel, 33 Okla. 458, 126 Pac. 576; Northcutt et al. v. Bastable, 39 Okla. 124, 134 Pac. 423, and Gross v. Baker, 47 Okla. 361, 148 Pac. 734. In the first-named case Justice Hayes, speaking for the court, said:

"The action of forcible entry and detainer is possessory in its nature, and has for its purpose the restitution of possession of lands and tenements to one who has been deprived of such possession by force. The right to maintain the action is not determined by plaintiff's right of possession, but by whether he has been in possession and such possession has been taken from him by force, and, unless othervise provided by statute, a person who has never been in possession of lands cannot maintain the action."

See, also, 19 Cyc. pp. 1115, 1128.

Sections 5504 and 5505, Revised Laws of Oklahoma 1910, which are identical with sections 6429 and 6430, Compiled Laws of 1909, read as follows:

Section 5504: "Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceable entry into land or tenements, unlawfully and by force hold the same, and if it be found, upon such inquiry, that an unlawful and forcible entry has been made, and that the same lands and tenements are held unlawfully, then said justice shall cause the party complaining to have restitution thereof."

Section 5505: "Proceedings under this article may be had in all cases against tenants holding over their terms; in sales of real estate on execution, orders or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made; in sales by executors, administrators, guardians and on partition, where any of the parties to the partition were in possession at the commencement of the suit, after such sales, so made, on execution or otherwise, shall have been examined by the proper court, and the same, by said court, adjudged legal; and in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which the complainant has the right of possession. This section is not to be construed as limiting the provisions of the first preceding section."

Construing section 6429, Compiled Laws of 1909, the court, in an opinion by Mr. Justice Hayes in the case of Link v. Schlegel, supra, said:

"It is apparent that the foregoing statute contemplates that the result of the action shall be a means of restoring possession of lands and tenements to persons who are deprived thereof in one of the two ways named, to wit, by an unlawful and forcible entry and detention, or by an unlawful and forcible detention after a lawful and peaceable entry. In each instance, however, the possession of the complaining person must have

been entered either unlawfully or lawfully; and in the second case held by force. Statutory provisions similar to the foregoing are generally construed by the courts not to authorize one who has never been in possession to maintain the action."

And continuing with reference to section 6430, Compiled Laws of 1909, said:

· "Under the succeeding section of the statute the action may be maintained in some instances by plaintiff who has never been in possession."

We agree with and reaffirm the views of the court in the case of Link v. Schlegel, and hold that the plaintiff, having the right of possession, although not having the actual possession, may maintain the action, if defendant occupies the lands and tenements without any color of title. This is also the holding of the court in the case of Northcutt et al. v. Bastable, supra, wherein this court in an opinion by Commissioner Robertson, said:

"Section 5505, Rev. Laws 1910, provides that the action of forcible detainer may, in some instances, be brought by one who has never been in possession, as witness the following clause, * * * 'and in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which the complainant has the right of possession.' Thus, if the defendants are occupying the premises without color of title, such an action might be maintained."

But does the instant case fall within section 5505? We think not, for the reason that the Browns were in possession, claiming under color of title, Catherine Brown being the patentee of said land. In directing a verdict for the plaintiff, Mayhall, the trial court doubtless entertained the view that the Browns had not substantiated their claim of fraud, or, if there was any fraud, that the same was without the procurement or knowledge of Mayhall, and that the defense urged was not a lawful defense to the action. This was not a proper issue in the case. It is true that the title to the land in controversy could not be adjudicated in a forcible entry and detainer action, but this was immaterial, as we have already pointed out that Mayhall was not entitled to maintain the action in the first instance, and it was therefore unnecessary for the defendants to introduce any evidence. The plaintiff did not bring the right kind of action. He should have sued in ejectment.

It follows that the judgment of the trial court should be reversed, and the cause remanded, with directions to dismiss the case.

All the Justices concur.