## WARD v. MARKHAM.

No. 9056—Opinion Filed Aug. 20, 1918.

Rehearing Denied Sept. 24, 1918.

(175 Pac. 113.)

### Forcible Entry and Detainer—Possession.

Under the statutes of this state in the absence of the relation of landlord and tenant, one who has never been in possession of real estate in controversy cannot maintain an action of forcible entry and detainer against another in possession under color of title.

(Syllabus by Hooker, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Action by J. L. Markham against Richard Ward. Judgment for plaintiff before a justice and judgment for same party on appeal to the district court, and plaintiff brings error. Reversed, and remanded for new trial.

T. B. Reeder and C. Riley, for plaintiff in error.

Opinion by HOOKER, C. This is a forcible detainer action commenced by Markham against Ward in the justice's court where judgment was rendered in favor of Markham, and Ward appealed to the district court, wherein the case was tried de novo to the court without a jury, and judgment was again rendered in favor of Markham, from which judgment Ward has appealed here.

The evidence discloses that the real estate involved was the property of one H. M. Wolverton, who leased the same in September, 1913, by written contract for the year 1914, to Ward, and that Ward occupied and cultivated said lands for said year. After the execution of this lease Markham pro-

cured a mortgage on said property to be executed to him by Wolverton, although in August, 1914, Markham procured from the county treasurer two tax deeds for the rent in controversy here.

. The evidence fails to establish that Ward was ever the tenant of Markham. or that Markham ever had possession of this property prior to or at the time of the institution of this action. Ward here is claiming possession under the lease executed by Wolverton.

This court has said in a number of cases that the rule is well established that the person who has never been in possession of land cannot maintain a forcible detainer action to recover the possession thereof from one in possession under color of title.

In Brown v. Mayhall, 63 Okla. 268, 164 Pac. 973, this court said:

"Under the statutes of this state, in the absence of the relation of landlord and tenant, a person who has never been in possession of the premises in controversy cannot maintain an action of forcible entry and detainer against one in possession under color of title."

In Link v. Schlegel, 33 Okla. 458, 126 Pac. 576, this court said:

"Under the statutes of this state, in the absence of the relation of landlord and tenant, a person who has never been in possession of the premises in controversy cannot maintain an action of forcible entry and detainer against one in possession under color of title."

See, also, Gross v. Baker, 47 Okla. 361, 148 Pac. 734.

Applying the rule announced in these authorities and the facts in the case at bar, we are of the opinion that the judgment of the lower court should be reversed.

The defendant in error has filed no brief, and this case is therefor remanded for a new trial.

By the Court: It is so ordered.