## MATHEWS et al. v. AUSTIN.

No. 16971—Opinion Filed Sept. 14, 1926.

**1. Appeal and Error—Review of Findings of Referee—Lack of Record of Evidence.**

Where a cause is referred to a referee to find and report the facts and conclusions of law to the court, and no bill of exceptions is allowed and signed by the referee preserving the evidence, this court cannot consider the question of the sufficiency of the evidence to support the findings of the referee.

**2. Same—Presumption of Correctness of Findings.**

Where the findings of a referee are substantially predicated upon the issues joined by the pleadings, it must be presumed by this court, in the absence of the evidence from the record, that there was sufficient testimony introduced at the trial to warrant the findings. Campbell v. Sherman, 20 Okla. 185, 95 Pac. 238.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Maggie Austin against J. H. Mathews, Hester Mathews, and John L. Hubert for restitution of real estate. Judgment for plaintiff, and defendants appeal. Affirmed.

Gaylord R. Wilcox, for plaintiffs in error.

C. F. Chapman, for defendant in error.

Opinion by THREADGILL, C. The action in this case was brought in the justice of the peace court. Maggie Austin, who was plaintiff, alleged, in substance, that she was the owner and entitled to the immediate possession of lot 8 in block 2, Business Men's addition to the city of Sapulpa; that defendants were guilty of unlawful and forcible detention of same, and in possession of that part of said lot on which the house was situated. The defendants answered by general denial, and further pleaded possession under color of title; that plaintiff had never been in possession of said premises, and the relation of landlord and tenant had never existed between the plaintiff and defendants, or either of them. The cause was tried in the justice of the peace court, and defendants were found guilty, and plaintiff obtained judgment for restitution. Defendants appealed to the district court, and by agreement of parties the cause was referred to Thos. S. Harris, county judge, as referee, with direction that he make findings of fact and conclusions of law. The parties waived a jury and the said referee heard the evidence and found for the plaintiff as follows:

"And the court being fully advised by the pleadings, testimony of witnesses, and argument of counsel, upon consideration thereof, finds the issues in favor of the plaintiff and against the defendants. And the court finds further that the plaintiff, Maggie Austin, now is, and at the time of the institution of this action was, entitled to the immediate possession of the following described property and premises situated in Creek county (describing it) together with all improvements"

—and thereupon rendered judgment for restitution. The defendants excepted, and filed objections in the district court to the report and findings of the referee. The substance of the objections was that the report was contrary to the evidence; that the evidence shows that plaintiff was never in possession of the property; that the relation of landlord and tenant had never existed between the parties, and that the defendant J. H. Mathews was in the peaceable possession holding under color of title.

On April _____, 1925, the court heard the motion of plaintiff to confirm the referee's report, also the objections of defendants to the report, and sustained the motion and overruled the objections. Defendants filed motion for a new trial, alleging, in substance, the same facts as stated in the objections to the report, and from an order overruling the motion, this appeal is prosecuted. Defendants allege as error, lack of evidence to support the judgment, and error of the court in overruling defendants' objections to the referee's report, and discuss the assignments under two propositions as follows:

"First Proposition: Can the plaintiff maintain an action in forcible entry and detention, or unlawful and forcible detention, who has never been in possession of the property in controversy?

"Second Proposition: Has a justice of the peace jurisdiction to hear, try, and determine a case in forcible entry and detention, where the relationship of landlord and tenant does not exist, and where the defendant is holding under color of title?"

Defendants contend for the negative of these propositions, and in support of the first we are cited to Brown et al. v. Mayhall, 63 Okla. 268, 164 Pac. 973; Link v. Schlegal, 33 Okla. 458, 126 Pac. 576; Ward v. Markham, 73 Okla. 143, 175 Pac. 113; Northcutt et al. v. Bastable, 39 Okla. 124, 134 Pac. 426; Gross v. Baker, 47 Okla. 361, 148 Pac. 734; and in support of the second we are cited to McHenry v. Gregory, 57 Okla. 435, 156 Pac. 1158; Cross v. Baker, supra; Northcutt et al. v. Bastable, supra. We have examined these authorities, and are of the opinion that they fully support defendants' contentions.

Defendants say the evidence shows that the relation of landlord and tenant never existed between the parties or any of them; that defendant Mathews was in possession under color of title; that plaintiff was never in possession of the property, and evidence taken before the referee is quoted to show these facts, and if we are permitted to consider this evidence, we are persuaded that the judgment of the court is erroneous. But plaintiff contends that this evidence is not properly before us for the reason it was not preserved by bill of exceptions and certified by the referee and filed with his report. An examination of the record before us discloses that the said cause was referred to the referee for trial and report as to the facts and law applicable to same. The referee heard the evidence on March 28, 1925, and filed his report on March 30, 1925, and on April 2, 1925, defendants filed objections to the report in the district court, and on April 3, 1925, the purported proceedings and testi-

mony before the referee were filed in the district court. There was no bill of exceptions filed with the referee, and the proceedings before the referee were, therefore, not carried forward into the district court, and are not before us for consideration. Howe v. City of Hobart, 18 Okla. 243, 90 Pac. 431; Iralson v. Stang, 18 Okla. 423, 90 Pac. 446; Block v. Pearson, 19 Okla. 424, 91 Pac. 714; Campbell v. Sherman, 20 Okla. 180, 95 Pac. 288; Pettis v. McClain, 21 Okla. 522, 98 Pac. 927; Wichita Min. & Imp. Co. v. Hale, 20 Okla. 159, 94 Pac. 530; Kingfisher Imp. Co. v. Board of Co. Com., 66 Okla. 220, 168 Pac. 824.

This leaves but one question for us to consider, and that is, whether or not the report of the referee was consistent with the pleadings. Plaintiff, in her complaint, tendered the issue of her right to possession as owner of the property; that defendants were guilty of unlawful and forcible detention of said property. Defendants joined issues in their answer, first, by general denial, and, further, they pleaded peaceable possession under color of title; they also state that the relation of landlord and tenant never existed between the parties or any of them, and that plaintiff was never in possession of the premises. Now, applying the findings and judgment of the referee to these issues, we must conclude that they were consistent with the pleadings and within the issues stated.

The judgment of the trial court is therefore hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 156, § 1765; 2 R. C. L. 210; 1 R. C. L. Supp. p. 448; 4 R. C. L. Supp. p. 93; 5 R. C. L. Supp. p. 82. (2) 4 C. J. p. 780. § 2730.